# Tufshinsky *v.* Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., Appellant.

*Malicious prosecution—Probable cause — Malice — Evidence — Province of court and jury—Principal and agent.*

Malice in law exists where an act is done wrongfully and designedly by one person to the injury of another. Prosecutions may be instituted and pursued with pure motives, but so regardless of the forms of law and judicial proceedings as to render the trans-

actions illegal and malicious. It may be inferred from the want of probable cause, and generally is, but its existence is a fact for the jury.

The liability of a principal for the act of his agent in instituting an unfounded prosecution is governed by the general principles of agency, and where there is no express authority, and there has been no subsequent ratification of the act, the ultimate test is whether the agent acted within the scope of his implied authority. In determining this, each case must stand on its own facts.

In an action against a railroad company for malicious prosecution, it appeared that the plaintiff, an umbrella mender, aged about sixty years, was seated in a waiting room of defendant's station waiting for a train which was to leave in about one-half hour. He was eating his lunch and was dropping crumbs upon the floor and seats. A duly commissioned police officer employed by the railroad company arrested him, and took him before a justice of the peace, in whose office he was detained for several hours. The justice on the testimony of the officer committed the plaintiff to jail on the charge of disorderly conduct and fined him five dollars and costs. There was no evidence of disorderly conduct or that plaintiff resisted arrest. He was released from custody about midnight by his daughter, who without his knowledge, paid to the jailor the amount of the fine imposed by the justice. An appeal was taken from the justice's judgment, and after hearing before the county court he was discharged and restitution awarded. *Held,* that the case was for the jury, and that a verdict and judgment for three hundred dollars against the railroad should be sustained.

Argued April 14, 1915. Appeal, No. 87, Jan. T., 1915, by defendant, from judgment of C. P. Allegheny Co., April T., 1913, No. 2028, on verdict for plaintiff in case of Morris Tufshinsky v. Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. Before RICE, P. J., OR-LADY, HEAD, HENDERSON and TREXLER, JJ. Affirmed.

Trespass to recover damages for malicious prosecution. Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $300. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Richard H. Hawkins*, of *Dalzell, Fisher & Hawkins*, for appellant, cited: Finfrock v. Northern Central Ry. Co., 58 Pa. Superior Ct. 52; Ruffner v. Jamison C. & C. Co., 247 Pa. 34; Smith v. Ege, 52 Pa. 419; Com., ex rel., v. Konas, 57 Pa. Superior Ct. 629.

*Leonard S. Levin*, for appellee, cited: Smith v. N. Y., L. E. & W. R. R. Co., 149 Pa. 249; Grohmann v. Kirschman, 168 Pa. 189; McDonald v. Schroeder, 214 Pa. 411.

OPINION BY ORLADY, J., October 11, 1915:

Prosecutions are presumed to have been properly instituted; and hence, to sustain an action for malicious prosecution, malice and want of probable cause must both concur, and be proved by the plaintiff: McCarthy v. DeArmitt, 99 Pa. 63; Cooper v. Hart, 147 Pa. 594; Fry v. Wolf, 8 Pa. Superior Ct. 408. What is probable cause, and whether it exists, under admitted or clearly established facts, is a question of law for the court: Roessing v. Rys. Co., 226 Pa. 523. Malice in law exists where an act is done wrongfully and designedly by one person to the injury of another. Prosecutions may be instituted and pursued with pure motives but so regardless of the forms of law and judicial proceedings, as to render the transactions illegal and malicious. It may be inferred from the want of probable cause, and generally is, but its existence is a fact for the jury: McCarthy v. DeArmitt, supra. The liability of the principal for the act of his agent in instituting an unfounded prosecution is governed by the general principles of agency, and where there is no express authority, and there has been no subsequent ratification of the act, the ultimate test is whether the agent acted within the scope of his implied authority. In determining this, each case must stand on its own facts. Markley v. Snow, 207 Pa. 447.

It was clearly established that E. F. McKenna was a duly commissioned police officer, who by virtue of the Act of February 27, 1865, P. L. 225, Stewart's Purdon, 3544, was in the employ of the defendant company. His place of service was at its depot at Carnegie Station. The plaintiff, an umbrella mender, aged about sixty years, was seated in the public room maintained by the company for use of its patrons, waiting for a train to take him to Pittsburgh that was scheduled to be due in about one-half hour. The substantial facts are, that Mc-Kenna arrested him, of his own volition, without a warrant, in the performance of his duties as station officer, the justification being that the plaintiff did not have a ticket, and was eating bread or cake which he had in his pocket, and crumbs were falling on the floor and seats. This was alleged to be an infraction of a rule of the company. The officer exhibited his police badge, arrested the plaintiff and took him to the office of a justice, where he was detained for several hours, when the justice on the testimony of the officer, committed him to the jail on a charge of disorderly conduct and fined him five dollars and costs. He was released from custody about midnight by his daughter paying to the jailor the amount of the fine imposed by the justice. An appeal was taken from the justice's judgment, and after a hearing before the county court he was discharged and restitution awarded.

To relieve the defendant from liability, it was urged that the plaintiff and the officer had a controversy in regard to purchasing an umbrella, but the facts are so meagre and trifling, that the most that can be claimed for them would be, that in not being able to buy an umbrella for fifty cents less than the plaintiff demanded for it, McKenna was disappointed, and was disposed to interpret the company's rules more rigorously than if he had prevailed in his bargain.

The jury was instructed, "You will consider all the facts and circumstances in evidence, and you will de-

termine whether the officer had probable cause for making this arrest; that is, would an ordinarily prudent officer have made this arrest. If you find there was no probable cause, then you may infer malice, and if you find there was no probable cause, and that there was malice in making the arrest, you will consider the damages." Dealing with all the testimony, the jury was warranted in finding that McKenna, in his official character as a railroad policeman, dealt with the plaintiff with unusual severity in placing him under arrest, and having him committed to jail for disorderly conduct for so insignificant an act as eating his lunch in the waiting-room and dropping crumbs on the floor. There was no suggestion of disorderly conduct as the plaintiff went with the officer peaceably. Every admitted fact and every inference to be drawn from the disputed ones would lead a jury to the conclusion that the officer was over-zealous or malicious in the arrogant assertion of his authority. The fact that the daughter paid five dollars to the jailor to secure the release of her father at midnight, could not by any stretch of presumption be construed into a voluntary payment of the fine, as the plaintiff knew nothing of it until after the money had been paid. The defendant did not repudiate the act of its officer, but defends his conduct, and urges that he had probable cause in making the arrest.

The whole case was fairly submitted to the jury in a charge so adequate, that no exception was taken thereto; the only assignment of error being the refusal by the court to give binding instruction to find for the defendant.

The judgment is affirmed.