## Clinton J. Naugle *v.* Pennsylvania Railroad Company, Appellant.

*Railroad companies—Railroad police—Trespass—False arrest— Respondeat superior—Act of February 27, 1865, P. L. 225.*

A railroad company is not liable in damages for an unwarranted arrest on a charge of being a "suspicious person," made upon a public street, where such arrest was made by railroad police officers, appointed under the Act of February 27, 1865, P. L. 225, where the arrest was not directed or instigated by any officer or employee of the company.

Under such circumstances, in the absence of evidence to the contrary, the railroad police officers will be presumed to have been acting solely of their own accord as public officers and not engaged in special services for the company. In an action of trespass for false arrest, a verdict against the railroad company cannot be sus-

528, (1924).]     Syllabus—Opinion of the Court.

tained, and judgment in favor of the company, non obstante vere-
dicto, should have been entered.

Finfrock v. Northern Central R. R. Co., 58 Pa. Superior Ct. 52,
followed.

Argued April 28, 1924.  Appeal, No. 56, April T.,
1924, by defendant, from judgment of C. P. Allegheny
Co., Oct. T., 1921, No. 2286, on verdict for plaintiff, in
case of Clinton J. Naugle v. Pennsylvania Railroad Com-
pany.  Before HENDERSON, TREXLER, KELLER, LINN and
GAWTHROP, JJ.  Reversed.

Trespass to recover damages for false arrest.  Before
HAYMAKER, J.

The circumstances of the arrest are set forth in the
opinion of the Superior Court.

Verdict in favor of the plaintiff in the amount of $750
and judgment entered thereon.  Defendant appealed.

*Error assigned* was, inter alia, the refusal of the court
to enter judgment in favor of the defendant non obstante
veredicto.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for de-
fendant.—At the time the arrest was made the police
officer was acting as an officer of the Commonwealth and
defendant was under no responsibility for such act:
Finfrock v. Northern Central Railroad Company, 58
Pa. Superior Ct. 52.

*Septer W. Douglas,* for appellee.

OPINION BY GAWTHROP, J., July 2, 1924:

This appeal is from a judgment entered on a verdict
for plaintiff in an action of trespass for false arrest.  The
first assignment of error challenges the overruling of
defendant's motion for judgment n. o. v.  The evidence,
viewed in the light most favorable to plaintiff, warrants

the following statement of facts: On the application of defendant company, three men, Myer, Pigeon and Andrews, were appointed and commissioned by the Governor of Pennsylvania to act as policemen under the Act of February 27, 1865, P. L. 225. They were paid by defendant. Myer was assigned to patrol duty in the yards of the company situate between Thompson and South Duquesne. On June 14, 1921, between two and four o'clock A. M., he arrested a man named Rock who was one of three men who were loitering about the cars standing in the yards. Rock had a pair of pliers in his hand when he was arrested. The next morning about 6:40 o'clock Myer met Pigeon, and asked him to take charge of the case. Pigeon made an investigation which resulted in plaintiff's arrest on a public street without a warrant by Pigeon and Andrews. Plaintiff was placed in a cell. On the next day, June 16th, Pigeon made an information against plaintiff, Rock, and one Durr, charging them with being suspicious persons. On July 26th, he made a written report of this case to Andrews. On July 29th, plaintiff was discharged for lack of evidence.

The single defense set up by defendant in the court below was that Pigeon, in doing the things of which plaintiff complains, was acting as a police officer of the Commonwealth and not as an officer or employee of the railroad company. It contended there and urges here that there was no evidence that Pigeon or Andrews was employed in the performance of duties aside from those of a policeman appointed under the Act of 1865; that all that these officers did was done in the line of their duty under the Governor's commission; and that there should have been a directed verdict in its favor. It relies upon Finfrock v. Northern Central R. R. Co., 58 Pa. Superior Ct. 52, as sustaining its contention. That case involved the question of the liability of a railroad company for an arrest by a policeman appointed and commissioned by the Governor on the application of the company under the Act of 1865. It was held, in an opinion by President

Judge RICE, that the rule of respondeat superior does not apply, and a railroad company is not liable in damages for an unlawful arrest for an offense committed along the line of the railroad or on the premises of the company, where the arrest is made by a policeman appointed under that act, and such policeman holds no other position under the company and the arrest was not directed or instigated by any officer or employee of the company; and that presumptively such a policeman, in making an arrest, acts as a public officer and not as the servant or employee of the railroad company. It was pointed out in the opinion that such officer may be both a public officer and a servant or employee of the railroad company, in which case a different question arises; and that the presumption that such officer acted solely on his own accord as a peace officer may be rebutted by evidence warranting the jury in finding that he was at the time engaged in special service for the company, such as guarding its property or enforcing obedience of its rules. In the present case the arrest was not at the instigation or direction of any officer or employee of the company. That fact distinguishes this case from the Finfrock case, which was declared to be submissible to the jury on the ground that there was evidence to warrant the conclusion that the arrest was instigated by the company's baggage master. Therefore, the disposition of the case turns upon the answer to this question: Was there sufficient evidence to rebut the presumption that in making the arrest the officers acted solely of their own accord as police officers and to warrant the inference by the jury that they were, at the time, engaged in special service for the company?

We are of opinion that there is no such evidence. Policemen appointed under the Act of 1865 have all the powers of policemen of the City of Philadelphia, in the counties in which they are authorized to act. Their duties are confined to cases of criminal character. The arrest in this case was of that nature. All that was done

by either Pigeon or Andrews so far as disclosed by the evidence was strictly within the scope of their duty as police officers. There is no proof that they ever served the company in any other capacity or that they had any authority to act in any other capacity. The learned trial judge stated that there was no pretense on the part of the officers who made the arrest that they were acting in the capacity of state officers and thought that the arrest on the charge of being a "suspicious person" in loitering around defendant's yard was some evidence that the officers were concerned only in the protection of defendant's property. The only testimony as to the powers and duties of the officers was their own. Each of them testified that he was commissioned by the Governor and paid by the company. We look in vain for any evidence of actions by them which were not fairly within the scope of the duties of railroad policemen under the Act of 1865. Nor was there any evidence that they were employed to do any other work. How then can it be said that the presumption that they acted as public officers was overcome? Under our decision in Finfrock v. Northern Central R. R. Co., supra, which is in line with the great weight of authority in other jurisdictions, we are constrained to hold that the court below should have entered judgment for the defendant notwithstanding the verdict.

The first assignment of error is sustained. The judgment is reversed and here entered for defendant.