# Bunting, Appellant, *v.* Pennsylvania R. R. Co.

*False arrest—Railroads—Railroad police—Forgery and embezzlement—Presumption—Burden of proof—Authority or ratification Act of February 27, 1865, P. L. 225.*

1. The authority of police officers appointed under the Act of February 27, 1865, P. L. 225, is not limited to offenses against the railroad.

2. In making arrests for violation of law not immediately concerning property of a railroad company, such officers act, not as agents of the company, but as municipal policemen.

3. A railroad company sued for false arrest made by one of its police officers, is not liable, where it appears that plaintiff had not been arrested for an offense committed against the railroad, that the officer had not acted at the instance of an officer or employee of defendant company acting within the scope of his authority, but at the request of a private citizen, and that, after plaintiff's arrest, he had not been detained at the instance of the railroad company.

4. It must be presumed the officer, in making the arrest, and also in the subsequent conduct in having plaintiff held to bail, was not acting for and on behalf of defendant company but as a public

police officer, consequently the burden was on plaintiff to prove either that the company through a proper officer or employee expressly authorized the act or subsequently ratified it.

Argued May 13, 1925. Appeal, No. 310, Jan. T., 1925, by plaintiff, from order of C. P. No. 2, Phila. Co., Sept. T., 1923, No. 3057, refusing to take off nonsuit, in case of Harry Spencer Bunting v. Pennsylvania Railroad Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for false arrest and imprisonment. Before GORDON, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting record.

*Albert T. Bauerle,* for appellant.—There was no proof that the lieutenant making the arrest was commissioned under the Act of 1865: Hill v. Trust Co., 108 Pa. 1.

The railroad lieutenant who made the arrest being in charge of the railroad station, was guarding the railroad's property.

Even if appellant were arrested by Crawford acting as an ordinary policeman, defendant was nevertheless liable for the subsequent false imprisonment: Burk v. Howley, 179 Pa. 539; McAleer v. Good, 216 Pa. 473; Butler v. Stockdale, 19 Pa. Superior Ct. 98; Baughn v. Benson, 77 Pa. Superior Ct. 181; Keidel v. B. & O. R. R., 281 Pa. 289.

*Francis B. Biddle,* of *Barnes, Biddle & Morris,* for appellee, cited: Finfrock v. Ry., 58 Pa. Superior Ct. 52; Naugle v. R. R., 83 Pa. Superior Ct. 528; Keidel v. R. R., 281 Pa. 289.

OPINION BY MR. JUSTICE FRAZER, June 27, 1925:

Plaintiff was arrested in the Pennsylvania Railroad station at Harrisburg by a police officer of defendant company at the instance of one Goldstein who informed the officer plaintiff was Jack Rider, a fugitive from justice, charged with embezzlement and forgery. Plaintiff was taken to the police department of defendant company, and, after a short detention there, turned over to the Harrisburg city police, and later given a hearing before a magistrate, who placed him under bail on an information charging forgery. After further investigation it was discovered plaintiff was not Jack Rider and that Goldstein had made a mistake in requesting his arrest. Plaintiff subsequently brought the present action against the Pennsylvania Railroad Company seeking to recover damages for the humiliation, mental suffering, loss of business, etc., sustained by reason of the false arrest and imprisonment. In a similar action against the father of Goldstein we held the father not liable for the act of his son in absence of evidence that he had authorized the son to cause plaintiff's arrest or that he subsequently ratified such acts upon being informed of the proceeding instituted by the son: Bunting v. Goldstein, 283 Pa. 356. In the present action, the court below entered a compulsory nonsuit because no liability existed on the part of defendant for the act of the railway police officer, plaintiff not having been arrested for an offense committed against the railroad and the officer not having acted at the instance of an officer or employee of defendant company acting within the scope of his authority, but at the request of a private citizen. From the refusal of the court to take off the nonsuit, plaintiff has appealed.

The officer who made the arrest was a member of the Pennsylvania Railroad police force appointed under the provisions of the Act of February 27, 1865, P. L. 225, which provides that such officers shall "severally possess and exercise all the powers of policemen of the City of

Philadelphia" and directs keepers of jails, lockups and stationhouses to receive persons arrested by such officers "for the commission of any offense against the laws of this Commonwealth, upon or along said railroads, or the premises of any such corporation." The authority of officers appointed under this act is not limited to offenses committed against the railroad. Their powers are general, as the act expressly confers the right to arrest all persons engaged in the commission of any offense against the laws of the Commonwealth which may be committed on railroad property. In making arrests for violation of law not immediately concerning property of the railroad company, these officers act, not as agents of the company, but as policemen. Consequently, the officer in arresting plaintiff in this case for an offense in no manner associated with either defendant company or its property, and at the instance of a citizen having no connection with the company, acted, not for the company, but in the discharge of his duties as an ordinary municipal police officer. The general duties and powers of such officer were discussed in Finfrock v. Northern Central Railway Co., 58 Pa. Superior Ct. 52, and Naugle v. Pennsylvania Railroad Company, 83 Pa. Superior Ct. 528. The conclusion reached in those cases meets with our approval.

In the present case plaintiff proved, by his own testimony, that the officer making the arrest was a member of the railroad company's police force and that he acted at the sole instance and request of Goldstein. The offense charged being one that did not particularly concern defendant company, no liability was imposed upon it unless and until plaintiff proved defendant was to some extent accountable for the proceedings and for the acts of the person responsible for the mistake of identity. Had plaintiff been arrested for an offense alleged to have been committed against the railroad company, and it were shown that the arresting officer was acting within the scope of some special au-

thority as agent for the company, the latter might be held responsible; but under the charge of forgery and embezzlement made at the instance of one in no manner connected with defendant company, it must be presumed the officer, in making the arrest and also in the subsequent conduct in having plaintiff held to bail, was not acting for and on behalf of defendant company but as a public police officer, consequently the burden was on plaintiff to prove either that the company through a proper officer or employee expressly authorized the act or subsequently ratified it. This he utterly failed to do. The argument made on behalf of plaintiff that, even if defendant were not responsible for the original arrest, it became answerable for the subsequent act of the officers in holding plaintiff, does not aid him inasmuch as there is no evidence tending to show that, in detaining plaintiff after being arrested, they were acting for defendant.

The judgment is affirmed.