Shafer, Appellant, *v.* Meadville Tele. Co.

Argued April 15, 1930.

Before Trexler, P. J., Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Lewis M. Shafer, In Propria Persona.*

*Frank J. Thomas,* and with him *Paul E. Thomas,* for appellee.—The first duty of a plaintiff in an action for malicious prosecution is to show that the criminal prosecution has been terminated: Hill v. Egan, 160 Pa. 119; Zebley v. Storey, 117 Pa. 478.

OPINION BY LINN, J., July 10, 1930:

This suit was brought and tried below and argued here by the plaintiff himself, who is the appellant. It was an action for damages for alleged malicious prosecution brought in the following circumstances as disclosed by the record, or as stated by the appellant in his history of the case. Plaintiff occupied a farm "as tenant and agent of the owner." Since 1908 a line of telephone poles and wires had been constructed over the farm pursuant to some oral arrangement the terms of which do not appear. On September 7, 1923, a written agreement was signed by the telephone company alone, stating terms under which occupation would be continued; the meaning of this agreement is not clear as to the date when the telephone company's rights should terminate. While plaintiff was under the impression that the telephone company's rights expired January 1, 1925, the company denied his interpretation of the contract, and during the discussion of the subject by the parties, the plaintiff on January 5, 1925, cut down several poles and also cut the wires. On the 6th of January, 1925, plaintiff was arrested on a warrant issued at the instance of defendant, pursuant to an information charging the plaintiff with malicious mischief in so cutting the telephone line.

The line seems to have been promptly restored, and on the 9th of January, plaintiff again cut it and pursuant to a warrant again issued at the instance of defendant, plaintiff was again arrested charged with malicious mischief in cutting the line on January 9th. In each case, he appeared before a justice of the peace, and was held in $500 bail for appearance at the next term of the quarter sessions. The record does not fully show what became of the prosecutions so begun, though it would appear that the cases have never been tried or otherwise formally concluded. On this subject the plaintiff himself testified: "I should say the first information sworn to, 34, sworn to by L. E. Whiting, and 35 sworn to by F. A. Brutcher, with order respiting it to the several terms. Mr. Shafer (plaintiff) offers in evidence Sessions Docket No. 17 of Crawford County, with the record on page 190, of proceedings taken in Shafer, in the court of quarter sessions; also page 191 Docket entries in the case of Commonwealth v. Lewis M. Shafer, No. 35, February Sessions, 1925." In Mishler v. Com., 62 Pa. 55, 60, it is said that "A respite is a temporary suspension of the execution of a sentence—a delay, forbearance or continuation of time: Bouvier's Law Dict.; Wharton's Law Lexicon." The docket entry referred to by the witness is not printed so that we do not know what it contained. The plaintiff frankly testified that he cut down defendant's poles and destroyed its line on both dates specified in the informations. He has not shown any right in him, or the owners of the land, nor any justification for that interference with defendant's property. The record shows that the disputed rights of the parties were the subject of other litigation by them, one phase of it, an appeal by plaintiff from the granting of an injunction at the instance of the telephone company restraining plaintiff from interfering with the telephone line having reached this court: Meadville Telephone Co. v. Shafer, 94 Pa. Superior Ct. 246.

At the conclusion of the evidence offered by plaintiff on his behalf, the defendant produced testimony showing that after each of the instances of interference with defendant's line, it presented the facts to its attorney and was advised in each case that a charge of malicious mischief could properly be brought against plaintiff and that counsel drew the informations on which the warrants were issued.

The learned court below was of opinion that plaintiff had not shown a right to recover and directed the jury to find for the defendant. Three assignments of error were filed; the first is to the exclusion of exhibit A to the statement of claim; this paper was the agreement of September 7, 1923, already referred to as stating terms under which the telephone company maintained and operated its pole line; though excluded, when offered, the court considered the paper as in evidence when ultimately disposing of the case, and we have done likewise. Plaintiff was therefore not injured by the ruling complained of. The second assignment complains that a verdict for the defendant was directed; the third is to the refusal of a new trial. Before considering them, it is to be noted that in the only statement of question involved, appellant states that he desires a review of the application of the rule concerning advice of counsel in cases of malicious prosecution. Notwithstanding that we generally limit our review to the specific statement of the question involved, we have reviewed, in the unusual circumstances of this case, the entire record in all its aspects suggested by appellant's brief. We think the court was right in directing a verdict for the defendant because the elements of a right of action for malicious prosecution had not been made out; for the same reason of course, the court was correct in refusing a new trial.

Plaintiff's evidence shows without dispute that there was a substantial difference of opinion between him and the defendant as to its rights on the land, and

that, instead of having these disputed rights determined in a proper action by a court having jurisdiction, the plaintiff took the law into his own hands and destroyed defendant's property: compare Com. v. Taylor, 65 Pa. Superior Ct. 113, 121; he has shown no justification for his acts. As this was plaintiff's own evidence, it proves (without considering the evidence offered by defendant concerning advice of counsel) that there was probable cause for the prosecution. It is therefore immaterial that the record does not show that the prosecutions have terminated, though ordinarily the termination of a prosecution bears on the existence or non-existence of probable cause. "When the prosecution has been terminated by the conviction of the defendant, that fact is ordinarily accepted as sufficient proof of cause to defeat an action for damages. On the other hand an acquittal or lawful discharge of the defendant, is prima facie evidence of want of probable cause, and, therefore, sufficient to carry the case to the jury. Both conviction and acquittal may be shown, but neither is conclusive of the question; the former, however, has the greater probative force": Auer v. Mauser, 6 Pa. Superior Ct. 618, 622; see also Hill v. Egan, 160 Pa. 119.

It was clearly the duty of the court to direct a verdict for the defendant: Boyd v. Kerr, 216 Pa. 259; Stratton v. Jordan, 77 Pa. Superior Ct. 596; Taylor v. Am. I. Shipbuilding Co., 275 Pa. 229.

Judgment affirmed.