Edgar **MARTINEZ** and Ruth Martinez,
his wife,

v.

**E. J. KORVETTE.**

Civ. A. No. 70–546.

United States District Court,
E. D. Pennsylvania.

Dec. 29, 1971.

S. Khan Spiegel, Philadelphia, Pa., for plaintiffs.

Robert St. Leger Goggin, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

GORBEY, District Judge.

Plaintiffs brought this diversity action alleging malicious prosecution of plaintiff, Ruth Martinez, by the defendant. At a trial before a jury, I granted defendant's motion for a directed verdict under Fed.R.Civ.P. 50, made at the close of plaintiffs' case.

Before the Court is the plaintiffs' motion for a new trial.

In a jointly prepared pre-trial order, counsel for both sides stipulated to the following facts:

On the evening of October 24, 1969, plaintiff, Ruth Martinez, was apprehended by an employee of defendant, E. J. Korvette, and charged with the theft of a ladies sport coat. Later that evening she was brought before a Justice of the Peace, found guilty of shoplifting and fined. Upon appeal and retrial, a verdict of not guilty was entered.

In support of their motion, plaintiffs contend that a prima facie case of malicious prosecution had been made out, and therefore it was error to direct a verdict for the defendant.

■ The elements of a cause of action for malicious prosecution are set out in the Restatement of Torts, § 653:

"(1) A private person who initiates criminal proceedings against another who is not guilty of the offense charged is liable to him for the harm done thereby if the proceedings

(a) were initiated

(i) without probable cause, and

(ii) primarily because of the purpose other than that of bringing an offender to justice, and

(b) terminated in favor of the accused." [1]

■ Plaintiff has the burden of proving lack of probable cause in a suit for malicious prosecution. Miller v. Pennsylvania R. Co., 371 Pa. 308, 89 A.2d 809, 811 (1952). Lynn v. Smith, 193 F. Supp. 887, 890 (E.D.Pa.1961). At the end of plaintiffs' case in chief, I concluded that they had not met their burden, that, on the contrary, probable cause had been established as a matter of law. At the time of directing the verdict in the defendant's behalf, I cited § 667 of the Restatement of Torts (1938), which states in part:

"The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or corrupt means." (N.T. 62)

I also referred to the case of Lynn v. Smith, *supra*, at 890, wherein it was said that the prior conviction of the civil plaintiff in a summary proceeding before a Justice of the Peace, "even though the appellate tribunal . . . reversed the ruling, is ordinarily accepted as sufficient proof of cause to defeat an action for damages in an action for malicious prosecution." (N.T. 59, 60)

Plaintiffs argue that the conviction before the Justice of the Peace although persuasive evidence of probable cause under Pennsylvania law, is not conclusive, and may be rebutted by proof that it was obtained by corrupt or unfair means. A careful reading of decisions in this area does not indicate with precision the weight or persuasive effect Pennsylvania courts give a prior conviction on the issue of probable cause. Compare MacDonald v. Schroeder, 214 Pa. 411, 63 A. 1024 (1906). Tufshinsky v. Pittsburgh, C. C. and St. L. R. Co., (1915) 24 Pa.Dist. 191, 62 Pittsb.Leg.J.

---

1. Pennsylvania law, which we must apply in this diversity action, is in accord.

Psinakis v. Psinakis, 221 F.2d 418 (3d Cir. 1955).

888

511, aff'd 61 Pa.Super. 121; Lynn v. Smith, *supra*; Shafer v. Meadville Tel. Co., 99 Pa.Super. 225 (1930).

██ This Court's conception of the effect to be given a prior conviction is unnecessary to the disposition of the present motion, since, in any event, to prevail, civil plaintiff must meet such established fact with competent evidence of fraud or unfair means. Justice Elkin in *MacDonald, supra,* 214 Pa. at 414, 63 A.2d at 1026 said:

"But in any view taken of the rule, whether it be considered conclusive or only prima facie evidence of probable cause, it is proper on an action of malicious prosecution, to show it had been obtained by false and fraudulent testimony, or other unlawful means."

In this regard, plaintiffs neither alleged nor attempted to produce any witnesses or evidence at trial to explain Mrs. Martinez's conviction before the magistrate.[2]

██ In support of their motion, plaintiffs now contend that when Mrs. Martinez testified that prosecution was only initiated when she refused to sign a release, an inference of impropriety arose which the jury should have been permitted to consider.[3] No facts nor substantiation to support this inference was presented; defendant's security personnel, the convicting magistrate, nor any of defendant Korvette's employees were called as witnesses. Plaintiffs' contention, as set out in their brief, that the testimony of defendant's employee before the Justice of the Peace was false is insufficient in itself to impeach the validity of that proceeding. Mrs. Martinez's statement that she was told "if you don't answer the questions here, you will answer them in the police station." (N.T. 29, 30), cannot, in the absence of anything further, support plaintiffs' contention of exceptional circumstances which would warrant a conclusion that the original conviction failed to establish probable cause.

A long line of Pennsylvania cases has established the following principles:

"It follows that if the facts concerning the circumstances leading up to and surrounding the prosecution are admitted and amount to probable cause, the case should not be submitted to the jury, even if malice is clearly proved. Necessarily, then, if the plaintiff's own testimony shows probable cause, it is the duty of the Court to dispose of the case in favor of the defendant. To go further, since the burden, at least initially, is upon the plaintiff to prove a want of probable cause, the case should be disposed of in favor of the defendant upon a failure of proof that the prosecution was instituted without probable cause." 23 P.L.E. Malicious Prosecution § 43, at 346 and cases cited therein.

██ When, as here, probable cause is established by matters on the record showing prior judicial determination conclusive of this issue, that defect is fatal to plaintiffs' cause of action.

Plaintiffs complain they are accorded an undue burden when they are forced to challenge the validity of the prior conviction. According to Dean Prosser:

"Malicious prosecution is an action which runs counter to obvious policies of the law in favor of encouraging proceedings against those who are apparently guilty and letting finished litigation remain undisturbed and unchallenged. It has never been regarded with any favor by the Courts, and it is hedged with restrictions which make it very difficult to maintain." Prosser on Torts, § 113, at 859 (1964).

The Court has no recourse but to deny plaintiffs' motion for a new trial.

2. It should be pointed out that plaintiffs had joined the Montgomery County Justice of the Peace as a defendant. Judge Luongo, after consideration of the parties' briefs, granted this defendant's motion for dismissal for lack of diversity.

3. The inference, if a permissible one, would apply to the propriety of purpose for instituting the criminal proceedings, a separate element of the tort.