**Samuel E. BUSSARD, Jr., and John R. Bussard, Plaintiffs,**

**v.**

**Raymond E. NEIL, Charles Wheeler, Glen A. Walp, and Cyril Laffey, individually & in their official capacities, Defendants.**

**Civ. A. No. 84-1531.**

United States District Court, M.D. Pennsylvania.

Sept. 6, 1985.

Paul J. Dellasega, Ira H. Weinstock, Markian R. Slobodian, Harrisburg, Pa., for plaintiffs.

Gwendolyn Mosley, Dist. Atty. Gen., Harrisburg, Pa., for defendants.

MEMORANDUM

CALDWELL, District Judge.

I. *Introduction*

Plaintiffs, Samuel E. Bussard, Jr. and John R. Bussard, filed a complaint under 42 U.S.C. § 1983 alleging that Raymond E. Neil, a Pennsylvania State Trooper, maliciously prosecuted plaintiffs in violation of their civil rights by issuing numerous traffic citations to plaintiffs without probable cause and with malice. Trooper Neil's supervisors, Lieutenant Charles Wheeler, Captain Glen A. Walp and Acting State Police Commissioner Dellarciprete are named as defendants under the theory of respondeat superior.[1] The complaint alleges that defendants' actions entitle plaintiffs to injunctive, compensatory and punitive relief. Plaintiff also asserted a pendent state tort claim for malicious prosecution.

On July 25, 1985, defendants filed a motion for summary judgment. Plaintiffs concurred in the motion as it related to defendant Neil's superiors. Accordingly,

1. Dellarciprete is the successor in office to the original defendant, Cyril Laffey.

we will grant summary judgment for defendants Wheeler, Walp, and Dellarciprete. Trooper Neil, therefore, is the sole, remaining defendant in this action.

Summary judgment is only appropriate when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. *See Fragale & Sons Beverage Co. v. Dill,* 760 F.2d 469 (1985). The material facts of this case are not in dispute. Accordingly, it is an appropriate one for summary judgment. Having reviewed the briefs filed on the motion, the pleadings and supporting affidavits, for the reasons set forth below, we grant summary judgment for defendant Neil on the civil rights claim and dismiss plaintiffs' state law claim for lack of subject matter jurisdiction.

II. *The Facts*

Trooper Neil issued two citations to Samuel Bussard on September 2, 1983 because his tractor-trailer allegedly violated certain registration requirements of the Pennsylvania Motor Vehicle Code. On September 22, 1983, Trooper Neil stopped the same tractor-trailer and issued seven more citations to Samuel Bussard. On September 30, 1983, the District Justice found Samuel Bussard guilty of all of the cited violations except one.

On December 8, 1983, John Bussard, while driving the same tractor-trailer, was stopped by Trooper Neil and charged with four violations of the Motor Vehicle Code. On December 14, 1983, the District Justice found John Bussard guilty of the four violations. Plaintiffs appealed their convictions to the Court of Common Pleas of Bedford County. Upon a trial *de novo,* the court on March 12, 1984, found plaintiffs not guilty of the alleged violations. Subsequent to the court's ruling, Trooper Neil issued additional citations against Samuel Bussard for different violations of the Pennsylvania Motor Vehicle Code. Upon these facts plaintiffs allege that Trooper Neil has maliciously prosecuted them in violation of their rights under Pennsylvania law and their civil rights under 42 U.S.C. § 1983.

III. *Discussion*

A. *Plaintiffs' State Law Claims*

Plaintiffs assert that the doctrine of pendent jurisdiction empowers this court to rule upon their state law claim for malicious prosecution. We do not agree. The Supreme Court recently determined in *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("Pennhurst II"), that the Eleventh Amendment bars suits in federal court against state officials brought on the basis of state law when, as here, the relief sought would have a direct impact on the state itself. Though pendent jurisdiction might otherwise be appropriate, " '[t]he Eleventh Amendment is an explicit limitation on the judicial power of the United States.' " *Id.* at ——, 104 S.Ct. at 918, 79 L.Ed.2d at 91 (quoting *Missouri v. Fiske,* 290 U.S. 18, 25, 54 S.Ct. 18, 20, 78 L.Ed. 145, 149 (1933)). This constitutional limitation on our jurisdiction renders insignificant the doctrine of pendent jurisdiction. *Allegheny County Sanitary Authority v. United States Environmental Protection Agency,* 732 F.2d 1167, 1173 (3d Cir.1984). Accordingly, we must dismiss plaintiffs' state law claim for lack of subject matter jurisdiction.

B. *Plaintiffs' Civil Rights Claim.*

Plaintiffs allege that defendant Neil has maliciously prosecuted them in violation of their civil rights under 42 U.S.C. § 1983 when he issued the traffic citations to them. It is clear in the Third Circuit that malicious prosecution is actionable under 42 U.S.C. § 1983. *Losch v. Borough of Parkesburg,* 736 F.2d 903, 907 (3d Cir. 1984). The tort rises to constitutional dimensions because it results in a denial of due process. *See DiMaggio v. O'Brien,* 497 F.Supp. 870, 878 (E.D.Pa.1980).

We must reject plaintiffs' claims, however, because they have failed to establish all the elements of a malicious prosecu-

tion action. Malicious prosecution can be established only if plaintiffs can prove that (1) defendant initiated charges against them (2) without probable cause (3) out of malice or for a purpose other than bringing plaintiffs to justice and (4) that plaintiffs ultimately were acquitted of all charges. *Curran v. Dural,* 512 F.Supp. 699, 703 (E.D.Pa.1981).

The fatal defect in plaintiffs' case lies in the element of probable cause. Plaintiffs cannot show an absence of probable cause for Trooper Neil's actions because plaintiffs were summarily convicted of the charged violations by the District Justice. The summary convictions, though later reversed upon a trial *de novo* by the Court of Common Pleas, are sufficient proof of cause to defeat an action for malicious prosecution.[2] *Lynn v. Smith,* 193 F.Supp. 887, 890 (W.D.Pa.1961), and in turn a civil rights action based upon it.

A conviction, upon examination by a judicial officer, conclusively establishes the existence of probable cause, regardless of whether the conviction is subsequently reversed on appeal. *See Cramer v. Crutchfield,* 648 F.2d 943, 945 (4th Cir. 1981) (interpreting Virginia law); *Gowin v. Altmiller,* 455 F.Supp. 743, 746 (D.C.Idaho 1978), *aff'd* 663 F.2d 820 (9th Cir.1981) and *Diminnie v. United States,* 522 F.Supp. 1192, 1195 (E.D.Mich.1981), *aff'd* 728 F.2d 301 (6th Cir.1984). *But see Williams v. City of New York,* 508 F.2d 356 (2d Cir. 1974) (a conviction ultimately upset is accorded only the force of prima facie evidence of probable cause which can be overcome in a suit for malicious prosecution). The neutral and experienced opinion of a judicial officer, here a District Justice, that a person was guilty of the charges establishes the presence of probable cause. Since probable cause has been established, plaintiffs' claim of malicious prosecution must fail. Accordingly, we will enter judgment for defendant on the civil rights claim.

2. Significantly, plaintiffs do not allege that the convictions were obtained by fraud, perjury or other corrupt means. *See Martinez v. E.J. Korvette,* 335 F.Supp. 886 (E.D.Pa.1971), *aff'd,* 477 F.2d 1014 (3d Cir.1973).