618 A.2d 412

**Christopher M. WRIGHT, Appellant,**

**v.**

**Ronald L. SCHREFFLER, Individually and in his Capacity as an Employee of the Pennsylvania State University Department of University Safety; Thomas Harmon, Individually and in his Capacity as Supervisor of Investigator Ronald L. Schreffler and in his Capacity as Director of the Department of University Safety at the Pennsylvania State University; David Stormer, Individually and in his Capacity as Director of the Department of University Safety at the Pennsylvania State University and Employee of the Pennsylvania State University; the Pennsylvania State University; Thomas R. King, in his Capacity as Investigator and Employee of the State College Bureau of Police Services; Elwood Williams, Individually and in his Capacity as Chief of Police for the State College Bureau of Police Services; and Mayor Arnold Addison, in his Capacity as Mayor of the Borough of State College.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1992.

Filed Nov. 6, 1992.

Reargument Denied Jan. 15, 1993.

Joseph M. Devecka, State College, for appellant.

Michael E. Koll, State College, and James D. Young, Harrisburg, for appellees.

Before TAMILIA, JOHNSON and HESTER, JJ.

TAMILIA, Judge:

Christopher M. Wright appeals the trial court's Order entered December 4, 1991 granting appellees' preliminary objections and dismissing with prejudice all counts of appellant's complaint for failure to state a claim or cause of action upon which relief may have been granted.

In 1985, appellant was arrested for possession and delivery of marijuana by appellees Officers Ronald L. Schreffler, who was acting as an employee of Pennsylvania State University Department of University Safety, and Thomas R. King, who was acting as an employee of the State College Bureau of Police Services. After appellant was convicted and sentenced in 1987, this Court reversed on the basis appellant had been entrapped as a matter of law. *Commonwealth v. Wright,* 396 Pa.Super. 276, 578 A.2d 513 (1990), *allocatur denied,* 526 Pa. 634, 584 A.2d 317 (1991). Appellant then filed an eighteen-count complaint for malicious prosecution, conspiracy, intentional infliction of emotional distress and punitive damages against King and Schreffler, as well as against Thomas Harmon and David Stormer, who were two supervisors of Schreffler and Pennsylvania State University. Additionally, the complaint named as defendants Elwood Williams, who was the Chief of Police of State College and King's supervisor, and Mayor Arnold Addison.

Although appellant's underlying conviction was reversed by this Court, the trial court sustained the appellees' preliminary objections, holding the claim for malicious prosecution failed since the initial criminal proceedings did not terminate in favor of appellant and since appellant did not show an absence of probable cause.

Appellant presents only one issue for our review. He argues a malicious prosecution action is not barred by an earlier finding of probable cause when the probable cause was predicated upon evidence of a crime induced by tactics amounting to entrapment as a matter of law. We agree and thus vacate the Order and remand the case for further proceedings.

■ On an appeal from the sustaining of preliminary objections in the nature of a demurrer we accept as true all well-pleaded material facts set forth in the complaint as well as all inferences reasonably deducible therefrom. *DiMarco v. Lynch Homes*, 525 Pa. 558, 583 A.2d 422 (1990).

"In order to prevail on a claim of malicious prosecution, the plaintiff must show that the defendant maliciously instituted proceedings against the plaintiff, that the defendant did not have probable cause to institute the proceedings, and that the proceedings terminated in favor of the plaintiff." *Motheral v. Burkhart*, 400 Pa.Super. 408, 421, 583 A.2d 1180, 1187 (1990).

In dismissing the malicious prosecution counts, the trial court found as follows:

> First, the initial or underlying proceedings did not terminate in favor of the Plaintiff. Second, although the conviction of the Plaintiff was reversed by the Superior Court, the Plaintiff cannot demonstrate the absence of probable cause by the arresting officers as the presence of probable cause was upheld by various judicial officers. The fact that the officers had probable cause is sufficient to defeat the cause of action of malicious prosecution.

(Slip Op., Grine, J., 12/23/91, p. 4.) The trial court reasoned a conviction conclusively establishes the existence of probable cause, regardless of whether it is subsequently reversed. The court stated "[i]implicit in the trial court's decision to submit the question to the jury is a finding of probable cause." (Slip Op. at 4.)

■ "Whether an 'entrapment has occurred is a question for the jury, unless the evidence points to only one conclusion, in which case it may be decided as a matter of law.'" *Commonwealth v. Wright*, 396 Pa.Super. 276, 288, 578 A.2d 513, 519 (1990), quoting *Commonwealth v. Clawson*, 250 Pa.Super. 422, 425, 378 A.2d 1008 (1977). Entrapment as a matter of law means the evidence was so overwhelming that reasonable minds could come to no other conclusion. *Commonwealth v. Weiskerger*, 520 Pa. 305, 554 A.2d 10 (1989). "Probable cause is defined as '... a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent

man in the same situation in believing that the party is guilty of the offense.'" *Cibrone v. Stover,* 351 Pa.Super. 250, 254, 505 A.2d 625, 627 (1986), quoting *Wainauskis v. Howard Johnson Co.,* 339 Pa.Super. 266, 277, 488 A.2d 1117, 1122 (1985).

Here, the officers technically never had probable cause to think appellant was engaged in criminal activity because "reasonable grounds of suspicion" were derived *exclusively* from their own illegal entrapment tactics and not from other circumstances. In other words, excluding the improper police behavior which induced appellant into illegal activities, the police lacked other grounds for probable cause.

■ We disagree with the trial court's position that probable cause existed because appellant was initially convicted, and the subsequent reversal did not replace the initial establishment of probable cause by a magistrate and a jury.[1] Further, if we were to hold the initial conviction established the existence of probable cause, thereby foreclosing appellant's malicious prosecution claim, citizens wrongfully entrapped by the police would have no civil redress and police officers would not be deterred from employing similar tactics in the future. "Official conduct designed to provoke criminal behavior, or which creates a substantial risk that unwitting citizens will be implicated in criminal schemes, should not be tolerated in Pennsylvania." *Commonwealth v. McGuire,* 339 Pa.Super. 320, 334, 488 A.2d 1144, 1151 (1985). The trial court was in error in equating probable cause, based on information or evidence which is sufficient to trigger arrest and prosecution (even though it might not sustain a conviction or result in reversal after conviction), to entrapment where no probable cause existed. A preliminary finding of probable cause and conviction therefrom does not elevate entrapment to the level of protection afforded a lawful arrest when the ultimate finding of entrapment as a matter of law is made.

1. In support of its holding the trial court relies upon *Bussard v. Neil,* 616 F.Supp. 854 (D.C.Pa.1985), a case which this Court is not bound to follow. Additionally, we do not agree with the trial court's analysis since entrapment was not present in *Bussard.* Without the entrapment in the present case, there could not have been a charge or conviction.

 Finally, appellees contend even if probable cause was missing, appellant does not plead facts sufficient to establish malice by the officers. "Malice may be inferred from want of probable cause." *Wainauskis, supra* at 279, 488 A.2d at 1123. Since we find the officers lacked probable cause to arrest and prosecute appellant, we infer their malicious intent.

Order vacated; case remanded for proceedings consistent with this Opinion.

Jurisdiction relinquished.