# MacDonald, Appellant, *v.* Schroeder.

214    411
d41SC 603
e41SC¹607

*Malicious prosecution—Probable cause—Malice—Reversal of conviction.*

A verdict of guilty returned by a jury, then set aside by the court, a new trial granted followed by a second trial, and a verdict of not guilty, is not conclusive evidence of probable cause.

Where one commences a criminal prosecution for the purpose of compelling his debtor to pay a just debt, it is prima facie evidence of want of probable cause and of malice, and shifts the burden of showing it was not so, on the defendant.

Argued Jan. 16, 1906.   Appeal, No. 203, Jan. T., 1905, by plaintiff, from judgment of Superior Court, Oct. T., 1904, No. 134, reversing judgment of C. P. No. 1, Phila. Co., March Term, 1903, No. 3,223, in case of David S. MacDonald v. Jay N. Schroeder.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Appeal from judgment of Superior Court.

The facts appear by the opinion of the Supreme Court and by the report in 28 Pa. Superior Ct. 128.

*Error assigned* was the judgment of the Superior Court.

*Thomas D. Finletter*, with him *Charles Lex Smyth*, for appellant, cited : Graham v. Noble, 13 S. & R. 233 ; Grohmann v. Kirschman, 168 Pa. 189 ; Witham v. Gowen, 14 Me. 362 ; Munns v. Dupont, 1 Am. Leading Cases, 200.

*C. E. Montgomery*, for appellee.

OPINION BY MR. JUSTICE ELKIN, March 19, 1906 :

This action is based on an alleged malicious prosecution. The question to be determined is whether a verdict of guilty returned by a jury, then set aside by the court, a new trial granted, followed by a second trial and a verdict of not guilty, is conclusive evidence of probable cause.

An information was made by Schroeder, charging MacDonald with having obtained money from him by false pre-

tenses. The criminal case was tried in the court of quarter
sessions of Philadelphia county, and a verdict of guilty was
rendered by the jury,.whereupon the trial judge set aside the
verdict and granted a new trial. When the case came for trial
the second time,.the prosecutor, his witnesses and counsel be-
ing present in court, offered no testimony, and a verdict of not
guilty was rendered by the jury. No further proceedings were
taken on the criminal side of the court. MacDonald, the de-
fendant in the criminal case, then instituted this action for a
malicious prosecution. The court below submitted the ques-
tions of fact to the jury, and a verdict in favor of the plaintiff
was rendered. The Superior Court on appeal reversed this
judgment on the ground.that the verdict of guilty in the first
trial was conclusive evidence of probable cause. The correct-
ness of this ruling is denied by appellant.

Upon the subject of the conclusiveness of a verdict of guilty
on the question of probable cause there has been diversity of
opinion among the text-writers and in the courts. Indeed, it
may be conceded that the views of this court as expressed in
our earlier and later cases have been somewhat modified. In
some of the earlier cases, under facts and circumstances
entirely different, it was held that a verdict of guilty
was conclusive evidence of probable cause, but a careful ex-
amination of all our cases has failed to disclose a. single in-
stance in which this court has held that a verdict of guilty set
aside, followed by a new trial and a verdict of not guilty, was
conclusive evidence of probable cause. It is true that Chief
Justice GIBSON in Herman v. Brookerhoff, 8 Watts, 240, said :
" Whether the prosecution before the justice be treated as a
criminal or civil one, plaintiff has no case. The conviction
established the existence of a cause of action." In that case
the conviction was appealed from, but the judgment was not
set aside or reversed. The case was discontinued at the in-
stance of the prosecutor. While it was there held that the ex-
istence of probable cause was conclusively established by the
conviction, the question of rebutting the conviction by intro-
ducing evidence showing that it was obtained by fraud or cor-
rupt or undue means was not raised. The learned Chief Jus-
tice who wrote the opinion .cited with approval the case of
Reynolds v. Kennedy, 1 Wils. 232, mainly relied on to support

the contention of appellee here.  In commenting upon the rule announced in the latter case, Mr. Justice SHARSWOOD in Mayer v. Walter, 64 Pa. 283, said: " I question very much if the case would have been so decided had it not arisen under the revenue laws and been influenced by a governmental policy for the protection of informers, but, however that may be, the case goes much too far for the qualified doctrine here maintained."   After an exhaustive review of the cases bearing on this question the court qualified the doctrine of the earlier cases in the following language : " We cannot, therefore, consider Reynolds v. Kennedy as sufficient authority to establish it as law in this state, that the judgment of a magistrate under which a man has been arrested, his property seized and sold, or he has been turned out of possession of his house and home, when that judgment has been reversed on certiorari or appeal, shall conclude him in an action against the opposite party, in which he is able to prove that the plaintiff was actuated by malice, and had no reasonable or probable ground for the proceeding."   This rule sustains the contention of appellant here.

The case of Cooper v. Hart, 147 Pa. 594, cited by the Superior Court and confidently relied on by appellee, does hold that a verdict of guilty, even when reversed, is conclusive evidence of probable cause.   That opinion rested mainly, if not altogether, on the ground that the writ under which the defendant in the criminal prosecution was arrested had been directed to be issued by the trial judge in the exercise of his judicial function.   This fact is commented on at length in the opinion of the court.   In the case at bar this important fact is wanting.   In this case, the trial judge would not receive the verdict of guilty, but ordered it to be set aside and granted a new trial.   It was done in such a manner as to indicate that the trial judge believed the verdict had been secured by improper testimony or undue means.   The fact that the prosecutor neglected or refused to proceed at the second trial, although defendant was in court ready for trial, supports the contention of appellant that the prosecution had not been instituted for proper purposes and in good faith.   Under these circumstances, it would be carrying the doctrine too far to hold that appellant was concluded from showing that appellee was actuated by malice and had no probable cause for the prosecution.

In Grohmann v. Kirschman, 168 Pa. 189, which is one of the latest utterances of this court on the question involved, Mr. Justice FELL stated the rule as follows: " A verdict of guilty is evidence of probable cause. A verdict of acquittal is evidence, though it may be slight, of want of probable cause. Courts have differed as to the conclusive effect of a conviction. The true principle seems to be that in the trial of an action of malicious prosecution or false arrest a verdict of guilty is strong prima facie evidence of probable cause, but it may be rebutted by proof that it was obtained by corrupt or undue means: Munns v. Dupont, 1 Am. Leading Cases, 200."

The rule herein stated so clearly supports the contention of appellant that no useful purpose can be served by further discussion of it. ' The general rule on this question, recognized by text-writers, as well as by the courts of many states, is that a conviction in criminal proceedings is conclusive proof of probable cause unless procured by false or fraudulent testimony or other unlawful means: 19 Am. & Eng. Ency. of Law (2d ed.), 666. The only difference between the general rule stated and that of Grohmann v. Kirschman, supra, is, that the one holds a conviction to be conclusive, while the other only makes it prima facie evidence of probable cause. But in any view taken of the rule, whether it be considered conclusive or only prima facie evidence of probable cause, it is proper on an action of malicious prosecution, to show it had been obtained by false and fraudulent testimony, or other unlawful means. No decision of this court has gone so far as to hold that a verdict obtained under the circumstances of the case at bar was conclusive evidence of probable cause. The best that can be said of it under the most favorable circumstances is that it was persuasive evidence, which the defendant had a right to offer and did offer at the trial, but under the facts of this case it was not very persuasive, as the verdict of the jury would seem to establish.

There is another ground upon which this case must be decided in favor of appellant. At the trial the defendant was asked whether he had not made an effort to settle the case through his counsel by accepting $500, to which he replied: " That is what I wanted. Q. That is what you brought the prosecution for, as I understand it? A. For what? Q. To

get your $500 back?    A. That is all I brought it for, certainly."

Nothing is better settled by our cases than that where one commences a criminal prosecution for the purpose of compelling his debtor to pay a just debt, it is prima facie evidence of want of probable cause and of malice, and shifts the burden of showing it was not so, on the defendant: Prough v. Entriken, 11 Pa. 81; Schofield v. Ferrers, 47 Pa. 194; Schmidt v. Weidman, 63 Pa. 173.    To the same effect is Work's Appeal, 59 Pa. 444; Mayer v. Walter, 64 Pa. 283; Fillman v. Ryon, 168 Pa. 484.

The defendant having admitted that he commenced the criminal prosecution for the purpose of getting his money back and thereby attempting to enforce payment of a debt, is within the rule of the cases just cited, and the burden was on him to show that he had probable cause and was not actuated by malice.

Judgment of the Superior Court reversed and judgment of the court of common pleas No. 1 of Philadelphia county affirmed.