# McCoy, Appellant, v. Kalbach.

*Malicious prosecution—Question for the court—Larceny—Evidence—Record in evidence—Probable cause—Motives—Binding instructions.*

1. In an action for malicious prosecution, if the facts connected with the prosecution are admitted, or so clearly established as not to be open to dispute, the question of probable cause is for the court.

2. In an action for malicious prosecution based upon an arrest for the alleged larceny of a team of mules, the record of a replevin suit for the mules which resulted in a judgment in favor of the defendant in the action for malicious prosecution, is admissible in evidence.

3. While it is well settled that the institution of a **criminal**

prosecution for the purpose of compelling a debtor to pay his debt is prima facie evidence of want of probable cause and of malice, shifting the burden of proof, it is equally true that, where a defendant in an action for malicious prosecution shows probable cause, his motives in instituting the prosecution are of no consequence, become immaterial and cannot be taken into consideration by court or jury.

4. In an action for malicious prosecution it appeared that defendant, after buying a team of mules from plaintiff, had employed plaintiff in Maryland as his teamster. A short time later defendant was informed that plaintiff had started off with the mules toward Pennsylvania under suspicious circumstances. Defendant caused plaintiff's arrest upon his arrival in that State, but abandoned the prosecution upon being advised by counsel that the larceny, if any, had been committed in Maryland, and was, therefore, not cognizable in Pennsylvania. *Held*, probable cause for the prosecution was sufficiently shown, and the court was correct in directing a verdict for the defendant.

Argued April 21, 1913. Appeal, No. 147, Jan. T., 1913, by plaintiff, from judgment of C. P. York Co., Aug. T., 1909, No. 82, on directed verdict for defendant in case of Thomas McCoy v. A. M. Kalbach, J. G. Stauffer. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for malicious prosecution. Before ROSS, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court. Plaintiff appealed.

*Errors assigned* were various rulings of the trial judge and the charge to the jury.

*J. S. Black,* with him *D. P. Klinedinst,* for appellant.

*Henry C. Niles,* with him *W. U. Hensel, J. A. Hoober* and *M. S. Niles,* for appellees.

OPINION BY MR. JUSTICE BROWN, June 27, 1913:

In an action for malicious prosecution, if the facts connected with the prosecution are admitted, or so clearly established as not to be open to dispute, the question of probable cause is for the court. Under admitted or indisputable facts in the case now before us, it was clearly incumbent upon the learned trial judge to declare that there was probable cause for Kalbach's criminal prosecution of the appellant. This will be manifest from a brief recital of those facts.

A short time prior to October 6, 1908, Kalbach became the owner of a team of mules by purchase from the appellant. The evidence of this was a writing, signed by the latter, who, after the sale, became the teamster of the former. On the evening of October 6, 1908, Kalbach was notified, at his residence in Maryland, by his foreman at a lumber operation in that state, that McCoy had started away with the team under suspicious circumstances, and was driving towards York, Pennsylvania. Upon receipt of this information Kalbach telephoned to Stauffer, the other appellee, who was his agent or representative at York, to institute proceedings for the arrest of McCoy. Upon complaint made by Stauffer, charging McCoy with larceny, a warrant was issued, upon which he was arrested between one and two o'clock in the morning of October 7, while driving the team about two miles from York. After being detained in jail for several hours, he was released on bail for his appearance at a hearing. Upon Kalbach's arrival in York on the same morning, he was advised by counsel that, as the alleged larceny had been committed in Maryland, McCoy could not be prosecuted in this State. Thereupon it was agreed that the alderman should discharge him without a hearing. On the same day McCoy issued a writ of replevin for the team, but Kalbach, having given counter security, retained possession of it. In the action of replevin McCoy's averment was that he was the owner of the team by repur-

chase from Kalbach, but by the verdict of the jury, returned October 26, 1910, the title was found to have been in Kalbach on October 7, 1908, when McCoy was apprehended, shortly after midnight, on his way with the mules towards York.  On this verdict judgment was entered February 27, 1911, and, when the present action was called for trial—on January 27, 1913—there existed and was offered in evidence a judgment which conclusively established Kalbach's ownership of the team at the time McCoy was driving it under a claim that he was the owner of it.  That judgment put an end to his claim of ownership in his action for malicious prosecution.

The first complaint of the appellant is that the record in the replevin suit was admitted in evidence.  The question of the title to the team was made a vital one in this action by the appellant himself.  He had brought replevin for the very purpose of establishing his title to the team, and, when that question was finally settled against him in that action against Kalbach, it was no longer open to dispute in any other action between them: Allen v. International Text Book Company, 201 Pa. 579; Lafferty's Est., 230 Pa. 496.  We are at a loss to understand why counsel for appellant ask us to hold that, under Schofield v. Ferrers, 47 Pa. 194, the record in the replevin suit should have been excluded.  In that case Ferrers had been prosecuted at the instance of Schofield on the charge of having stolen a horse about which there had been a dispute between them.  Schofield got possession of the animal under a promise to abandon the prosecution, which, however, was continued, resulting in an acquittal of Ferrers.  The latter thereupon brought replevin for the horse and recovered.  In a subsequent action brought for malicious prosecution Schofield offered the record in the replevin suit to show a former recovery and in mitigation of damages.  In the action of replevin Ferrers recovered nothing for the damages caused by the criminal prosecution or in miti-

gation of them. In the replevin action he sued for the value of the horse and damages resulting from his unlawful taking, and he recovered nothing else. We therefore said: "The rejection of the record of the replevin in the District Court was entirely correct. It was for a different cause of action. All that the plaintiff could have recovered in that suit was the value of the horse, and damages for taking him, increased perhaps by the circumstances which accompanied the taking." If McCoy had recovered in the action of replevin, the judgment in his favor in that action would have been competent evidence for him in the present one, as settling the question of the title to the team, and for this reason it was conclusive evidence in favor of Kalbach on a most material matter. The first, second and third assignments are overruled.

While it is well settled that the institution of a criminal prosecution for the purpose of compelling a debtor to pay his debt is prima facie evidence of want of probable cause and of malice, shifting the burden of proof, it is equally true that, where a defendant in an action for malicious prosecution shows probable cause, his motives in instituting the prosecution are of no consequence, become immaterial and cannot be taken into consideration by court or jury: Dietz v. Langfitt, 63 Pa. 234; Gilliford v. Windel, 108 Pa. 142; McCoy v. Kalbach, 51 Pa. Superior Ct. 364. "If there be reasonable or probable cause, no malice, however distinctly proved, will make the defendant liable": PARK, J., in Mitchell v. Jenkins, 5 B. & Ad. 588. As probable cause for Kalbach's prosecution of McCoy was so clearly shown as to require the court below to declare it existed, the rejected offers which are the subjects of the fourth and fifth assignments would not have helped the plaintiff if admitted. Those assignments are, therefore, dismissed. Nothing in the remaining three call for any discussion.

Judgment affirmed.