## Curley, Appellant, *v.* Automobile Finance Company.

Argued October 7, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*David M. McCloskey,* with him *Bloom & Bloom,* for appellant.

*W. W. Stoner,* of *J. M. Stoner & Sons,* with him *Rufus Marriner,* of *Marriner & Wylie,* for appellee.

OPINION BY MR. JUSTICE MAXEY, December 2, 1941:

This is an appeal from the refusal of the court below to take off a compulsory non-suit in an action for malicious prosecution. Plaintiff charged that the defendant wilfully and maliciously issued its criminal prosecution and warrant and caused the plaintiff to be falsely arrested and imprisoned upon the charge of embezzlement as agent, and larceny of the sum of $5,187.05. Plaintiff was thereupon arrested on the 7th of March, 1938, and restrained of his liberty until March 9th, when he was discharged on bail. Plaintiff claimed that he demanded a hearing but received none and that on June 24, 1938, the defendant withdrew the criminal charges, paid the costs, and had the case discontinued. The plaintiff denies that he was guilty of any of the charges. He avers the defendant improperly caused said criminal prosecution to be instituted and the false arrest and imprisonment to be made for the purpose of collecting an alleged debt of $5,187.05 and for the additional purpose of injuring the plaintiff by destroying his reputation and standing as an expert and competitor of the defendant

in automobile financing and the making of loans upon automobiles and other personal property in Western Pennsylvania.

The court in entering the non-suit held that the evidence clearly showed that the plaintiff as agent for the defendant in 1937 collected money belonging to it which he applied to his own use and that this was embezzlement. The court said that plaintiff undertook to excuse the keeping of this money by evidence that he was given authority to use the funds and thus the relation between him and his employer (the defendant) was that of debtor and creditor and that he also had claims by way of set-offs against the funds which he retained. The court correctly held under the authority of *Altman v. Standard Refrigerator Company*, 315 Pa. 465, 173 A. 411, and *Groda v. American Stores Company*, 315 Pa. 484, 173 A. 419, that the burden was upon the plaintiff to prove *want* of probable cause for the criminal prosecution of himself.

The court held that plaintiff failed to sustain this burden. It is the contention of the plaintiff that inasmuch as he offered evidence that the prosecution was instituted to collect a debt the burden shifted to the defendant. The plaintiff testified that Gilroy, the secretary of the defendant company, said to him: "We want $5,187.00 or we are going to prosecute you. We will ruin you. You will never be able to get a bond or a connection with another finance company, if you don't pay us this money." Mrs. Curley, his wife, who was associated with him in business testified that the president of the defendant company told her that "we would have to bring that $5,100 in to them in the next couple of days or they would put my husband in the penitentiary and he would never be able to get another job or bond." This statement was made on December 24, 1937. The arrest of plaintiff took place on March 7, 1938.

The court below refused to hold that the proof of the criminal prosecution having been instituted to collect

a debt shifted the burden to the defendant to show that probable cause for the prosecution did exist. The court said: "We believe that in all of the cases cited supporting this proposition there is some evidence of oppression and that the rule is not intended to penalize one who on apparently valid grounds brings a criminal prosecution, regardless of his motives." The rule referred to is not a "penalizing rule". It is a rule affecting only the subject of the burden of proof in this class of cases. When one individual causes another's arrest it is assumed that he honestly and reasonably believed that there had been a breach of the criminal laws on the part of the person arrested. If the latter is acquitted of the charge made against him, or if, as in the instant case, the criminal proceedings are discontinued and if the person thus relieved of the criminal charge begins an action against the prosecutor, for malicious prosecution, and offers evidence that the criminal process was invoked to collect a debt allegedly due from him to the prosecutor, he has thereby cast upon the latter the burden of proving that there was probable legal cause for the arrest, since criminal process is not an instrumentality available for the collection of a debt and its use for that purpose is in itself an "act of oppression". This court said in *MacDonald v. Schroeder,* 214 Pa. 411, 415, 63 A. 1024: "Nothing is better settled by our cases than that where one commences a criminal prosecution for the purpose of compelling his debtor to pay a just debt, it is prima facie evidence of want of probable cause and of malice, and shifts the burden of showing it was not so, on the defendant". We said in *Wenger v. Phillips,* 195 Pa. 214, 220, 45 A. 927: "Proof that a criminal process had been made use of as a means for the collection of a debt is not conclusive in establishing the want of probable cause and the existence of malice. It is prima facie only, and while sufficient to shift the burden of proof to the defendant it may be rebutted by other proofs." In *Schmidt v. Weidman,* 63 Pa. 173, 177, this court said: "If a party com-

mences a criminal proceeding merely for the purpose of compelling his debtor to pay a just debt, it is prima facie evidence both of want of probable cause and of malice, and shifts the onus upon the defendant." In *Christian Prough v. James Entriken,* 11 Pa. 81, 85, we said in reference to using criminal process to collect a debt: "The law will not suffer a man to use unlawful means to effect even a just object, without exposing him to all the consequences arising from his improper act. We do not wish it to be understood as conclusive, but *prima facie;* and, in the absence of satisfactory evidence to the contrary, it amounts to conclusive proof. The effect of the rule, and we believe it must be salutary, will be to throw the onus of proving probable cause on the defendant." In *Farneth v. Commercial Credit Company,* 313 Pa. 433, 169 A. 89, this court held that proof that a criminal prosecution was brought for the purpose of collecting a debt shifts to the defendant the burden of proving probable cause for the prosecution.

The court below misapplied the principle stated in *McCoy v. Kalbach,* 242 Pa. 123, 88 A. 879, that "where a defendant in an action for malicious prosecution shows probable cause, his motives in instituting the prosecution are of no consequence." The first half of the sentence from which the above latter half is quoted distinctly says that "it is well settled that the initiation of a criminal prosecution for the purpose of compelling a debtor to pay his debt is prima facie evidence of want of probable cause and of motive, shifting the burden of proof." The cases cited in *McCoy v. Kalbach* (supra) reveal that the word "motive" as used in the excerpt quoted means motive in its *subjective* sense, i. e., as *the state of mind inducing the action taken,* not motive in the sense of being *an objective to be obtained.* The first case cited in the excerpt quoted is *Dietz v. Langfitt,* 63 Pa. 234, here it was held that where there is probable cause for a criminal procedure, it is immaterial whether the prosecution was activated by malice or not. In that

case Chief Justice THOMPSON said: "The jury should have been instructed that where there is probable cause, it is not of the slightest consequence whether the prosecution be actuated by malice or not." The second case cited is *Gilliford v. Windel,* 108 Pa. 142. That case stands for the proposition that when a defendant in an action for malicious prosecution shows that he had probable cause for initiating a prosecution "that is sufficient for his protection" and "in that case his motive for the prosecution is not to be considered." The context shows that by "motive" was meant "that he was actuated by malice". The third and last case cited at the end of the excerpt quoted is *McCoy v. Kalbach,* 51 Pa. Superior Ct. 364, which the Supreme Court affirmed in 242 Pa., 123, simply held that under the facts of that case, the defendant in the action for malicious prosecution had reasonable grounds for the belief that his mule team had been stolen by the defendant and the court below should have so declared as a matter of law.

The basic issue in every action for malicious prosecution is the existence or want of probable cause for the prosecution at the time it was instituted. If there was want of probable cause, this want is *evidence* of malice. "It has not the force of a legal conclusion (of malice) and therefore the existence of malice is a fact to be found by a jury": *Schofield v. Ferrers,* 47 Pa. 194, 197. The burden of proving want of probable cause in such an action is initially on the plaintiff. If he offers evidence that the prosecution was begun for the purpose of collecting a debt, the jury if it credits this evidence *might* infer from it that this was the *sole* motive for the prosecution and as this would not in law amount to a "probable cause", a verdict against the defendant would follow.

We said in *Groda v. American Stores Company* (supra), quoting from *McCarthy v. De Armit,* 99 Pa. 63, 69: "Probable cause does not depend on the state of the case in point of fact, but upon the honest and reasonable belief of the party prosecuting." See also *Taylor v.*

*American International Shipbuilding Corp.,* 275 Pa. 229, 231, 119 A. 130. The "belief" of the party prosecuting may be materially affected if the hope of private pecuniary gain had a part in the prosecution's initiation. "Probable cause is a state of mind": 38 C. J., sec. 28, p. 403.

It may be argued with some plausibility that if in an action for malicious prosecution, it is clear that the defendant had probable cause for the prosecution, the trial judge should not be precluded from so declaring even though the defendant did use the criminal process for private gain. The answer is that it is apparently a rule based on public policy exactly as is the rule that in an action for malicious prosecution, the existence of probable cause is *ordinarily* an inference to be drawn by the judge and not by the jury. Thayer in his "Preliminary Treatise on the Law of Evidence", p. 228, points out that since the case of *Panton v. Williams,* 2 Q. B. 169, what is reasonable and probable cause in an action for malicious prosecution, or for false imprisonment, is to be determined by the judge, though it is entirely a question of fact. In *Lister v. Perryman,* L. R. 4, H. L. 521 (1870), Lord CHELMSFORD said of the *Panton v. Williams* case (supra) : "In what other sense it is properly called a question of law I am at a loss to understand." Thayer in his "Preliminary Treatise on the Law of Evidence", p. 230, says: "The reasons which have availed to keep this particular question of fact, in actions for malicious prosecution and false imprisonment, in the hands of the court, are easily to be seen, and have already been suggested. It is the danger so often recognized by the courts, e. g., by Lord COLONSAY,[1] lest those who would

---

[1] Lord COLONSAY said in *Panton v. Williams* (supra) : "I have frequently had to deal with cases of this kind in the other end of the island; but there this question of want of reasonable and probable cause is treated as an inference in fact to be deduced by the jury from the whole circumstances of the case, in like manner as the question of malice is left to the jury. If I had tried the case there I should have left this matter to the jury; and if the jury had

come forward in aid of public justice should be intimidated or discouraged."

The law is solicitous that criminal prosecutions should be initiated in the *public interest* and not merely for some *private end*. Blackstone in his Commentaries, Book 3, p. 126, says: "A third way of destroying or injuring a man's reputation is by preferring malicious indictments or prosecution against him; which, under the *mask of justice and public spirit,* are sometimes made the engines of *private spite and enmity* [italics supplied]. For this, however, the law has given a very adequate remedy in damages, either by an action of *conspiracy,* which cannot be brought but against two at the least; or, which is the more usual way, by a special action on the case for a false and malicious prosecution."

The rule that if a plaintiff in an action for malicious prosecution shows that the defendant used criminal process in whole or in part to collect a debt allegedly due him from the plaintiff, the burden of showing probable cause is cast upon the defendant prevails not only in Pennsylvania but elsewhere. In *Stancill v. Underwood,* 124 S. E. 845, the Supreme Court of North Carolina held in an action for malicious prosecution that where plaintiff was arrested on a warrant charging him with unlawfully obtaining merchandise by means of worthless checks, in violation of section 4283, indorsement on the

found a verdict for the defendant, I should have approved of that verdict for reasons I am about to explain. . . . But in England it is settled law that this is a matter for the court to deal with. The court deals with it as an inference to be drawn by the court from the facts, but whether an inference of law or an inference of fact does not, I think, appear from the report. I do not see clearly whether it is called an inference of law merely because it is left to the court, or whether it is left to the court because it is really an inference of law. But, undoubtedly, it appears to be settled law in this country that want of reasonable and probable cause is matter for the court. . . . Probably it became so from anxiety to protect parties from being oppressed or harassed in consequence of having caused arrests or prosecutions in the fair pursuit of their legitimate interests, or as a matter of duty, in a country where parties injured have not the aid of a public prosecutor to do these things for them."

warrant authorizing officer to collect bill and all costs, "if defendant wishes to pay" and another indorsement that the amount was collected by officer, was evidence that the object or the criminal prosecution was the collection of the claim and not the vindication of public justice and was sufficient to take the case to the jury.

18 R. C. L. page 53, section 34, states: "that the prosecution was to accomplish some collateral purpose, as, for instance, the collecting of a debt, is sufficient to establish a prima facie want of probable cause, and to impose on the defendant, in an action for malicious prosecution, the burden of showing that he had probable cause. 38 C. J., section 39, p. 409, sets forth: "Where the prosecution is not in good faith and for a proper purpose, the existence of facts which might have justified belief on his part of the existence of probable cause will not constitute a defense". 38 C. J., section 43, p. 410, sets forth: "While probable cause may be shown by proof that the prosecution was undertaken on public motives, its want may be caused to appear by acts inconsistent with an honest belief in plaintiff's guilt, and showing that the law was set in motion to serve his own personal purpose."

In *White v. International Text Book Company,* 136 N. W. 121, the Supreme Court of Iowa said: "If one arrests another on a criminal charge for the purpose of compelling the payment of an indebtedness, an agreement not to prosecute further upon payment of the debt is prima facie evidence of want of probable cause, and conclusive in the absence of satisfactory evidence to the contrary."

It must at all times be kept in mind by a trial judge and by him impressed upon the jury that evidence, even when credited by the jury,[2] that the prosecution had for its *object* or for *one of its objects* the collection of a

---

[2] "The court may take a special verdict and determine the question of probable cause thereon as a matter of law": 38 C. J. sec. 195, p. 506 (citing cases).

debt, is not in itself *conclusive* on the question of probable cause. If the defendant can show that he had probable cause for starting the criminal proceedings the fact of his expectation that as a result of the criminal prosecution the debt due him would be paid, or that, in a larceny case, his property would be restored to him, does not make the defense of probable cause unavailable to him. It simply casts upon him the burden of going forward with evidence to establish that defense.

Volume 3 of the Restatement of the Law of Torts enunciates these principles: Section 653, p. 382, the "elements of a cause of actions are (1) A private person who initiates criminal proceedings against another who is not guilty of the offense charged is liable to him for the harm done thereby if the proceedings (a) were initiated (i) without probable cause, and (ii) primarily because of a purpose other than that of bringing an offender to justice, and (b) have terminated in favor of the accused." Section 668g, p. 425: *"Private advantage.* Since the only proper purpose for which criminal proceedings can be initiated is that of bringing an offender to justice and thereby aiding in the enforcement of the criminal law, it follows that one who initiates such proceedings to force the accused to pay money or to turn over land or chattels to the accuser, does not act for a proper purpose. This is so although the money is lawfully owed to the accuser or the thing in question has been unlawfully withheld or taken from him, so that relief might have been secured in appropriate civil proceedings. It is also true, although the accuser believes that the manner of taking or withholding the thing is such as to constitute the crime charged in the proceedings. Nevertheless, if the accuser's belief in the criminal character of the accused's conduct is reasonable, the proceedings and the existence of an improper purpose is not enough to make him liable." Section 669a, p. 427: "In an action for the wrongful prosecution of criminal proceedings the impropriety of the defendant's purpose becomes mate-

rial only when the lack of probable cause is proved. The evidence bearing on the issue of probable cause, though addressed to the court, is given in the presence of the jury. This is necessary since, where the evidence is conflicting, the circumstances under which the proceedings were initiated are for the jury to determine. The court instructs the jury under what combination or combinations of circumstances, which may be found under the evidence, the defendant did not have probable cause for initiating the proceedings. The circumstances so found may show so slight a basis for the defendant's belief in the guilt of the accused as to justify the jury in finding that he did not have that belief in the guilt of the accused which is necessary to justify the initiation of criminal proceedings, and, therefore, did not initiate them for their only proper purpose."

In the trial of cases the "general rule" is that the jury is the trier of questions of fact. In cases of *malicious prosecution* this rule *(unless the circumstances hereinafter noted are present)*, does *not* prevail, for in such cases the trial judge and *not* the jury determines whether or not the prosecutor in the criminal case (i. e., the defendant in the civil action trying) had an honest and reasonable belief in the existence of a probable cause for the prosecution's initiation. However, where there is evidence from which the jury in the action for malicious prosecution may legitimately infer that the prosecutor's hope of private gain had a part in the initiation of the criminal proceedings which gave rise to the action, the "general rule" prevails and the *jury* decides the pivotal question of fact.

In the light of the testimony offered by the plaintiff in support of his contention that the purpose of the prosecution was to collect an alleged debt, a non-suit was not warranted. The case should have been submitted to the jury with instructions which conform to the principles set forth in this opinion.

The judgment is reversed and the record is remitted to the court below with a procedendo.