## Byers, Appellant, v. Ward.

Argued September 24, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*James E. Marshall,* with him *John H. Marshall, Armand R. Cingolani* and *Marshall & Marshall,* for appellants.

*Lee C. McCandless,* for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 13, 1951:

The three appeals are by a father and his two sons (plaintiffs) from a judgment by the court below sustaining preliminary objections to the complaint and amendment in trespass for false arrest, in a criminal proceeding instituted by a husband and wife (defendants). The grand jury returned a true bill. Upon trial the defendants (plaintiffs herein) were acquitted and the costs were imposed on the prosecutors (defendants herein). The court below, *as matter of law,* decided that there existed probable cause for the criminal prosecution. It reached this conclusion solely upon the ground that the grand jury had returned a true bill. In entering the judgment sustaining the preliminary objections of defendants to plaintiffs' complaint, the court stated that its decision was based ". . . alone on the return of the Grand Jury." The appeals followed.

Defendants, Edward F. Ward and Catherine S., his wife, in 1949 were owners of land adjoining land owned by plaintiff, Earl Byers. It was claimed by the Wards

that coal under their land had been illegally removed by Earl Byers and his two sons (plaintiffs herein). Defendants caused warrants to be issued for the arrest of the plaintiffs, charging them with stealing the coal.

The plaintiffs' complaint in trespass charged that the arrests were made without just or probable cause. In addition to the above facts, it is stated in the complaint: "The plaintiff further avers that all of said prosecution was brought without any just or probable cause and wholly without any basis or reason, and defendants used the processes of the criminal law for the purpose of forcing the plaintiff to give the defendants a Lease upon the coal on plaintiff's land for mining and stripping purposes at a price of ten cents (10¢) a ton when he was receiving for himself on the farm immediately adjoining plaintiff, the sum of twenty-five cents (25¢) a ton for his coal which was being stripped."

In the amendment to the complaint (which the court allowed and directed to be filed), it is stated: "That the holding of the plaintiff at the hearing before the Alderman and at the hearing before the Grand Jury was unfairly obtained and was obtained by fraudulent and false testimony and by the presentation of false maps and perjured testimony. . . .

"That the defendant proceeded with the prosecution in Court well knowing that his original maps were false and after having been informed by two of his own expert witnesses that there was no basis for the prosecution, and it was instituted for the express and illegal purpose of forcing Earl Byers to give to the defendant, a coal stripping lease. . . .

"The evidence at the trial showing that the proceedings was brought to force the giving of a coal lease and it was brought based upon false maps and without proper investigation, . . ."

The preliminary objections were filed in pursuance of Rules 1017 and 1028 of Pennsylvania Rules of Civil Procedure: See Anderson Pennsylvania Civil Practice Vol. 2, pp. 297 and 429 et seq. Defendants contended that even if the averments are true they do not constitute a cause of action. Such preliminary objection constitutes, in effect, a demurrer to the complaint. They admit every well-pleaded, material, relevant fact, and every inference fairly deducible from the facts pleaded: *Condel et al. v. Savo et ux.*, 350 Pa. 350, 39 A. 2d 51; *Blieden v. Toll*, 139 Pa. Superior Ct. 436, 12 A. 2d 487.

Defendants contest the right of plaintiffs to file the amendment to the complaint after ten days, and after the case had been argued in the court. We note from the docket entries that the complaint was filed *June 6, 1950*, and which was amended *with leave of court* on December 20, 1950; that preliminary objections were filed *August 26, 1950* and that on *February 8, 1951* the court filed its opinion sustaining the objection. It would, therefore, appear that there was no such irregularity in the proceedings which would preclude the preliminary objections from applying to the amended complaint.

For the present purpose we must, therefore, accept as true the averments in the complaint and its amendment. Defendants, by their preliminary objections in the nature of demurrer, admit that they employed the processes of the criminal law for the purpose of forcing the plaintiffs to grant defendants an advantageous lease, and used fraudulent and false testimony, presented false maps and failed to make a proper investigation.

The court below, despite the foregoing averments as before stated, ruled *as matter of law* that the finding of a true bill by the grand jury constituted probable cause for the prosecution, and sustained the preliminary

objections, thus entering a final judgment against the plaintiffs and in favor of defendants. This was error.

The basis of an *ex delicto* action of malicious prosecution is for the recovery of damages which have proximately resulted to the person, property or reputation from a previous unsuccessful civil or criminal proceeding which was prosecuted *without probable cause and with malice: Johnson v. Land Title Bank and Trust Company et al.*, 329 Pa. 241, 198 A. 23; *Publix Drug Company v. Breyer Ice Cream Company*, 347 Pa. 346, 32 A. 2d 413. *Want of probable cause* is an indispensable element: *Simpson v. Montgomery Ward & Company*, 354 Pa. 87 (and many cases cited therein), 46 A. 2d 674. And such want is in no sense dependent upon the guilt or innocence of the accused. Probable cause does not depend on the state of the case in point of fact but upon the honest and reasonable belief of the party prosecuting: *McCarthy v. De Armit*, 99 Pa. 63; *Groda v. American Stores Company*, 315 Pa. 484, 173 A. 419; *Curley v. Automobile Finance Company*, 343 Pa. 280, 23 A. 2d 48. While the return of a true bill of indictment by the grand jury may constitute *prima facie* evidence of *probable cause, Graham v. Noble*, 13 S. & R. 232, 234, the corollary of that legal principle is that an acquittal is not sufficient in itself to establish *want of probable cause*: *Altman v. Standard Refrigerator Company, Inc.*, 315 Pa. 465, 173 A. 411; *Groda v. American Stores Company*, supra; *Simpson v. Montgomery Ward & Company*, supra.

The question of want of probable cause is exclusively for the court. Where there is no conflict in the testimony, the court has no need for a finding of a jury. Where, however, there is a conflict in the testimony as to what the circumstances were out of which the prosecution arose, there are two courses open to the trial judge (a) to direct the jury to render a special verdict,

and upon those findings, the court, as *matter of law,* decides whether or not there exists a want of probable cause or (b) for the court to charge the jury in what circumstances, under the evidence, defendants did or did not have probable cause for initiating the proceedings: *Simpson v. Montgomery Ward & Company,* 354 Pa. 87, 96, et seq. (and cases cited), 46 A. 2d 674; Restatement, Torts, sec. 673 comment d.

Defendants must meet the charge that they employed the criminal prosecution for the purpose of securing an advantageous lease, and that they also used fraudulent and false testimony and false maps and neglected to make a proper investigation. All of this is evidence of want of probable cause and malice. In *Farneth v. Commercial Credit Company et al.,* 313 Pa. 433, 169 A. 89, Mr. Justice SCHAFFER (later Chief Justice) said, p. 441: "Nothing is better established than that a criminal prosecution brought for the purpose of collecting a debt is prima facie evidence of a want of probable cause and of malice, and will support an action for malicious prosecution, shifting to the defendant the burden ordinarily on the plaintiff: MacDonald v. Schroeder, 214 Pa. 411; Schofield v. Ferrers, 47 Pa. 194; Shields v. Patterson, supra; Edwards v. Stull, 82 Pa. Superior Ct. 456."

The complaint and its amendment, therefore, raise questions of fact which must be passed upon by a jury before the court can determine, or charge, as matter of law, whether there existed want of probable cause.

The judgments are reversed with a *procedendo.*