## Geils v. Penn Sheraton Corporation

*William W. McAdams*, for plaintiff.

*Sundheim, Folz, Kamsler & Goodis*, for defendant.

BOK, P. J., December 24, 1952.—Defendant, a hotel, had plaintiff, who was one of its guests, arrested because of plaintiff's long arrearages in his hotel bill. The criminal process having terminated in plaintiff's discharge, he brought his action for malicious prosecution. The jury found in his favor.

Defendant's motion for judgment n. o. v. must be granted.

Innkeepers, by the peculiar nature of their trade that requires them to take in the traveling public, need the special protection given them by the Act of June 24, 1939, P. L. 872, sec. 871, 18 PS §4871:

"Whoever, with intent to cheat or defraud, shall obtain food, lodging, credit or other accommodation in any hotel, inn or boardinghouse, is guilty of a misdemeanor, and on conviction, shall be sentenced to pay a fine not exceeding two hundred dollars ($200), or undergo imprisonment not exceeding six (6) months, or both, at the discretion of the court.

"Proof that lodging, food or other accommodations were obtained by false pretense, or by false or fictitious show or pretense of any baggage or other property, or that the person refused or neglected to pay for such food, lodging or other accommodation on demand, or that he gave in payment for such food, lodging or other accommodation negotiable paper, on which payment was refused, or that he absconded without paying or offering to pay for such food, lodging or other accommodation, or that he surreptitiously removed or attempted to remove his baggage, shall be prima facie proof of the fraudulent intent mentioned in this section; but this act shall not apply where there has been an agreement, in writing, for delay in payment for a period to exceed ten (10) days."

The words above most applicable to the situation before us are: "or that the person refused or neglected to pay for such food, lodging, or other accommodation on demand."

Plaintiff admitted that he owed the hotel a balance at the time of his arrest. He also admitted that payment had been demanded. The evidence shows that several demands were made and several payments were made on account. Under this state of facts the

act established prima facie proof of plaintiff's fraudulent intent and the hotel's right to arrest him was complete. The existence of probable cause for the arrest must follow as a matter of law.

The only question is whether this legal situation is altered by any evidence there might be of defendant's using the criminal process to collect the debt. The only evidence on this point is that the hotel, in demanding payment, threatened to arrest plaintiff and on one occasion, when payment was made on account, told him that if the check was not good he would be arrested for passing a worthless check.

The legal principle appears in Curley v. Automobile Finance Company, 343 Pa. 280 (1941):

"In the trial of cases the 'general rule' is that the jury is the trier of questions of fact. In cases of *malicious prosecution* this rule (*unless the circumstances hereinafter noted are present*) does *not* prevail, for in such cases the trial judge and *not* the jury determines whether or not the prosecutor in the criminal case (i.e., the defendant in the civil action trying) had an honest and reasonable belief in the existence of a probable cause for the prosecution's initiation. However, where there is evidence from which the jury in the action for malicious prosecution may legitimately infer that the prosecutor's hope of private gain had a part in the initiation of the criminal proceedings which gave rise to the action, the 'general rule' prevails and the *jury* decides the pivotal question of fact."

The situation before us is curious because of the quoted legislation. Imprisonment for debt has been abolished, and the fact of being in debt does not of itself give ground for arrest. The act before us, however, involves a special form of debt which, because of the peculiar relationship between innkeeper and guest, has been made to flower into a crime if evaded. It could be said without strain that the purpose of the

act is indeed to permit the collection of this type of debt by criminal process.

The act has been upheld in Commonwealth v. Berryman, 72 Pa. Superior Ct. 479 (1919), which was a prosecution under the act and not a suit for malicious prosecution. The court held that the word "proof" meant "evidence", and that evidence of the conditions stated in the act is prima facie evidence of fraudulent intent. Such prima facie evidence can be rebutted, since it is not conclusive. But in a malicious prosecution case defendant-prosecutor does not need conclusive evidence of guilt to justify reasonable cause. Prima facie evidence is enough, for the cases are unanimous that he is not bound by the state of the case in point of fact but upon honest and reasonable belief in things as they seem: McCarthy v. DeArmit, 99 Pa. 63 (1881); Groda v. American Stores Company, 315 Pa. 484 (1934); Curley v. Automobile Finance Company, supra (343 Pa. 280 (1941)). Probable cause is a state of mind.

The act gives an innkeeper the necessary legal state of mind: it presents him with probable cause, granted an undisputed state of facts. If this be so, it would be odd doctrine to send him to the jury for having used the act according to its terms.

This situation must therefore be considered an exception to the rule, unbroken since Prough v. Entriken, 11 Pa. 81 (1849), that "if a party commences a criminal proceeding merely for the purpose of compelling his debtor to pay a just debt, it is prima facie evidence both of want of probable cause and of malice, and shifts the onus upon the defendant." So entrenched is this rule that we find the court saying in the Curley case:

"It may be argued with some plausibility that if in an action for malicious prosecution, it is clear that the defendant had probable cause for the prosecution,

the trial judge should not be precluded from so declaring even though the defendant did use the criminal process for private gain. The answer is that it is apparently a rule based on public policy exactly as is the rule that in an action for malicious prosecution, the existence of probable cause is *ordinarily* an inference to be drawn by the judge and not by the jury."

This is clear and strong language, but it is obvious from reading the cases on which the rule of public policy is based that none of them involves a statute like this one. It can be said that the act changes the character of what is considered "private gain" under the cases, and makes it a matter of public policy to consider prima facie criminal the neglect, refusal, or evasion of a hotel bill.

We should not be anxious to extend the limits of the action of malicious prosecution. That it is not a popular one with the courts has been stated as late as Miller v. Pennsylvania Railroad Company, 371 Pa. 308 (1952) : This case also repeats the fundamental rule that in malicious prosecution cases want of probable cause is a question for the court where there is no conflict in the testimony, even though it be oral. There is no such conflict in the instant case; plaintiff admitted that he was a guest, that he fell in arrears in his account, that he made several payments on account, that the hotel demanded payment, and that he owed the hotel a balance at the time of his arrest. This set of the evidence fulfils the specifications of the act: "Proof . . . that the person refused or neglected to pay for such food, lodging, or other accommodation on demand."

This established his fraudulent intent prima facie and in turn not only fixed defendant's reasonable and probable cause in arresting him but renders the question of malice academic.

Defendant's motion for judgment n. o. v. is granted.
Eo die, judgment is entered for defendant.