## Wade v. Krueger

*Charles F. Mayer*, for plaintiff.

*Louis Weiner*, for defendant.

SWENEY, P. J., March 31, 1958. — Defendant has filed preliminary objections to plaintiff's complaint for malicious prosecution, alleging that plaintiff has failed to set forth a cause of action, has failed to set forth facts showing want of probable cause, wickedness and malice, and has failed to particularize the damages. The case was argued before the court en banc and briefs have been submitted.

The complaint avers that on February 7, 1956, defendant, upon formal complaint, caused a warrant

to issue for plaintiff's arrest, that he was detained in custody, that, at a hearing before the justice of the peace, on February 13, 1956, defendant pressed charges against plaintiff and plaintiff was held in $500 bail for court, that, on March 7, 1956, defendant testified before the grand jury, under indictment no. 466, March sessions, 1956, charging malicious mischief to inanimate objects, that the bill was ignored and costs were placed against defendant. The complaint further alleges that the "warrant, arrest and hearing before the Justice of the Peace and appearance before the Grand Jury were all at the instance and insistence of the defendant wickedly, maliciously and without reasonable cause", that he had previously enjoyed a good and respectable reputation which had been damaged, disgraced and discredited by defendant's action, and that he has suffered great anxiety of mind, became nervous and upset and has been subjected to great humiliation and pain and suffering. We notice that plaintiff's complaint closely parallels a suggested form of complaint found in 3 Standard Pa. Practice 488-490.

We are satisfied that the complaint sets forth a cause of action. The ingredients of an action for malicious prosecution are the institution of a judicial proceeding against a person out of the prosecutor's malice and ill will, with the intention of injuring him and without probable cause, which terminates in favor of the person accused: Black's Law Dictionary, 3rd Ed. Plaintiff alleges the existence of all these ingredients as the basis for his suit.

The basic issue to be resolved is to what extent, in an action for malicious prosecution, a plaintiff must plead facts in support of his general allegations.

Pennsylvania Rule of Civil Procedure 1019 (b) specifically provides that: "Malice, intent, knowledge, and other conditions of mind may be averred general-

ly". Clearly, therefore, plaintiff is not required to plead specific facts to support his averment of malice. We are of the opinion that this rule is applicable also to plaintiff's allegations concerning lack of reasonable and probable cause. We are not dissuaded from this conclusion by a contrary holding in Renner v. Leopold, 32 Erie 10 (1948).

Judge Laub, in a learned opinion, holds that facts must be pleaded to show probable cause and he sets forth the following exerpt from Altman v. Standard Refrigerator Company, Inc., 315 Pa. 465, 477 (1934) : " 'Nothing will meet the exigencies of the case so far as respects the allegation that probable cause was wanting except *proof of the fact.* Though such allegation is a negative one in its form and character, it is nevertheless a material element of the action for malicious prosecution, and *the burden is upon the plaintiff to prove affirmatively,* by circumstances or otherwise, as he may be able, that the defendant had no reasonable or probable ground for instituting the original proceeding . . ." '. (Italics supplied).

The learned judge argues from this quotation that "this might supply ground for argument that the allegation may be general but the proof must be specific and that therefore the court is not concerned with the facts until such time as they are presented before a jury. Our concept of the quotation is, however, that the allegation of lack of probable cause must be supported by allegations of facts. Affirmative proof by 'circumstances or otherwise' implies the ability to set forth the circumstances in advance of trial."

This reasoning seems to be based on rule 1019(a) of the Rules of Civil Procedure specifically requiring that: "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form"; but it overlooks entirely rule 1019(b)

which specifically provides that "conditions of the mind may be averred generally".

We are not in accord with Judge Laub's reasoning, preferring the alternative interpretation that the allegation in the complaint may be general but the proof must be specific. In Curley v. Automobile Finance Co., 343 Pa. 280, 286 (1941), the court quotes from 38 C. J. 435, §28: " 'Probable cause is a state of mind.' " In Goodrich Amram Civil Practice §1019(b)-2, is the following commentary: "As a matter of sheer necessity, Rule 1019 (b) permits conditions of mind, such as malice, intent or knowledge to be pleaded generally. There is really no choice, since there is no other way to plead such matter. Any effort to particularize will necessarily lead into the pleading of detailed evidence to support the averment of malice, intent or knowledge".

Whether defendant instituted his action against plaintiff with malicious intent and with knowledge that he had no reasonable cause, or did so upon honest and reasonable belief, is a matter for proof at trial, and before a jury. If there is no conflict in the testimony, the court can resolve the issue. If there is conflict, the trial judge will either direct a jury to render a special verdict upon which he can determine as a matter of law whether or not probable cause exists, or he will charge the jury in what circumstances, under the evidence, defendant did or did not have probable cause for his action: Byers v. Ward, 368 Pa. 416 (1951). Plaintiff has put defendant on notice of what he will have to meet at trial, and defendant has adequate knowledge of the basis for plaintiff's action from the present allegations in the complaint. We think the complaint is sufficiently specific in regard to the extent of damages claimed. See 3 Standard Pa. Practice 170, 171; Quick v. Lichtenwalner, 84 D. & C. 546, 554 (1952).

*Decree*

And now, March 31, 1958, it is ordered and decreed that defendant's preliminary objections be, and they are hereby, dismissed, that an exception is noted for the defendant, that defendant is ordered and directed to file an answer within 20 days from the date of this order.