## Swartz v. Wesler

*Shirk, Reist & Buckwalter*, for plaintiff.
*Windolph, Burkholder & Hartman*, for defendants.

JOHNSTONE, P. J., May 24, 1974.—This trespass action was started by the filing of a complaint on February 23, 1973. Preliminary objections were filed by defendants to plaintiff's complaint and these objections were disposed of at bar by permitting plaintiff to file an amended complaint. An amended complaint was filed on December 20, 1973, to which defendants again filed preliminary objections. Argument on the preliminary objections was heard by the court sitting en banc.

The first count of the original complaint against the wife-defendant clearly alleged facts which would support an action of malicious prosecution. The elements of such an action are malice, want of probable cause and a favorable outcome to plaintiff in the criminal process: Curley v. Automobile Finance Co., 343 Pa. 280. All of those elements were alleged in the original complaint and repeated in the amended complaint.

A favorable disposition of the criminal prosecution occurred on June 9, 1971, when the grand jury ignored or refused to approve the indictment against plaintiff. The day the criminal action terminated in favor of plaintiff was the date the statute of limitations began to run on the action of malicious prosecution: Sicola v. First National Bank of Altoona, 404 Pa. 18. Any suit to recover damages for malicious prosecution or false arrest must be brought within one year after the right of action accrues: Act of July 1, 1935, P. L. 503, 12 PS §51.

The second count in the original complaint against the husband-defendant alleges that he acted with and approved the action of the wife-defendant in procuring plaintiff's arrest and that he wrote to the Department of Transportation urging that plaintiff's driver's license be suspended because she was incompetent. Plaintiff did not learn of this fact until she received a

notice from the Department of Transportation dated March 1, 1971. These allegations against the husband-defendant were repeated in the amended complaint.

If the amended complaint states a new cause of action, and we think it does, then the allegations about the false arrest of Plaintiff and the urging of the Department of Transportation to suspend her license all occurred more than two years before the filing of the amended complaint, are barred by the statute of limitations and must be stricken from the complaint. The amended complaint purports to state a cause of action in trespass for emotional distress caused by the actions of defendants alleged in the original complaint plus the striking of plaintiff on one occasion, plus calling her vile names and plus acts of malicious mischief on the part of defendants' children.

The cause of action relied upon by plaintiff in her amended complaint is described and thoroughly discussed by the late Justice Cohen in Forster v. Manchester, 410 Pa. 192. In our judgment, the original complaint bears no resemblance to an action of trespass for emotional distress which the amended complaint clearly endeavors to state. It naturally follows that the amended complaint states a new and different cause of action and any allegation of acts beyond the two-year period before the filing of the amended complaint must be stricken.

The amended complaint alleges that the children of defendants did certain malicious and destructive acts against plaintiff and her property which was known by and condoned by defendants. If the allegation was that the malicious acts were directed or urged or suggested by the parents, there would, of course, be liability on the part of the parents. Any acts of the children of their own volition, even though subsequently condoned by the parents, could only result

in liability on the parents if the damage and amount was fixed by the juvenile court and then only to a limit of $300.00. See the Act of July 27, 1967, P. L. 186, sec. 2, et seq., 11 PS §2002, et seq. Clearly, the allegations contained in paragraph 11 of the amended complaint must be stricken.

This leaves only paragraphs 10 and 12 of the amended complaint to support plaintiff's claim for emotional distress and these allegations would hardly be sufficient to maintain the action.

And now, May 24, 1974, paragraphs 4, 5, 6, 7, 9, 11, 13, 14 and 15 of the amended complaint are, for the reasons stated herein, stricken from the complaint, and to that extent the preliminary objections are sustained.