## Bechtel v. Babcock International, Inc.

*Daniel W. Shoemaker*, for plaintiff.
*John C. Uhler*, for defendants.

MILLER, *J.*, August 2, 1984—This matter is before the court on defendants' preliminary objections to plaintiff's complaint.

Plaintiff's husband, John Bechtel, was an employee of Acco Industries, Inc., a division of Babcock International, Inc. (defendants). John Bechtel was a participant in a pension plan negotiated by the United Steelworkers Union and defendants. Plaintiff, as his wife, is entitled to benefits under the plan after her husband's death. The plan contains certain survivor options, which, at the election of

the employee, reduces the amount of payments he will receive while he is alive, but increases the amount that will be paid to his wife after his death.

John had worked for Acco Industries, Inc. for 39 years. On July 24, 1981, he elected option number one, which provided for the highest possible payment to his wife after his death. The same day he gave the company notice of his decision to retire, effective August 1, 1981. On July 29, 1981, John died. Plaintiff has filed this action for the amount of pension payments she would have received under option one. Defendants have made pension payments in an amount equal to what plaintiff was entitled to receive if option 1 were not in effect.

Defendants' preliminary objections are as follows:

(1) The court lacks jurisdiction over the matter since the terms of the pension plan specifically require all claims be submitted to binding arbitration before resorting to the courts.

(2) The complaint fails to state a cause of action since survival of the participant past the effective date of the option is a "condition precedent" to the applicability of the option.

(3) A motion for a more specific pleading should be ordered since plaintiff failed to attach to the complaint a copy of the pension plan and the contract between the union and defendants.

In their first preliminary objection, defendants claim that the court cannot hear this matter until plaintiff has exhausted her administrative remedies. Plaintiff contends that both the union and defendants have failed to cooperate in arbitration, effectively exhausting any administrative remedies she might have.

From the pleadings before us, we cannot determine the nature of the arbitration agreement between the union and defendants. Certainly, the

court has the power to rule whether plaintiff has or has not exhausted her remedies. When a defendant questions the jurisdiction of the court, and the record does not clearly show that jurisdiction is lacking, the proper course is to dismiss the preliminary objection without prejudice and with the right to renew the jurisdictional objection at a later time. See Gibson v. Greater Shenandoah Realty Co., 65 Sch. L.R. 7 (1968). However, since defendants' second preliminary objection will be sustained, the need for supplemental pleadings on the jurisdictional issue is obviated.

In their second preliminary objections, defendants assert that even if the averments in plaintiff's complaint are taken as true, plaintiff has failed to state a cause of action upon which relief may be granted. A preliminary objection of this nature is to be treated as a demurrer. Byers v. Ward, 368 Pa. 416, 84 A.2d 307 (1951), and if there is any uncertainty, the objection should not be sustained. Schott v. Westinghouse Elec. Corp., 436 Pa. 279, 259 A.2d 443 (1969).

Plaintiff relies upon a pension plan negotiated by the United Steelworkers Union and defendants. Attached to the complaint (Exhibit A) is a summary or outline of the terms of the survivor benefit options. Attached to defendants' preliminary objections (Exhibit 1) is the full text of that portion of the pension plan dealing with survivor options. Plaintiff has not averred any reason why she should not be bound by the terms of the plan.

The relevant sections of the pension plan are set forth below.

1.2 When retirement occurs for purposes of this plan, retirement shall be considered to occur:

(a) In the case of a participant who applies for a pension prior to a break in continuous service, on

the date he specifies as the date he wishes to retire, which shall be a date on or after the latest of:

(1) The date of his request for retirement,

(2) The date of his attainment of eligibility for a pension under this plan, or,

(3) The last day for which he earned wages from the company, but not later than the last day of his continuous service. . .

3.16 Survivor Options

(a) Prior to the commencement of his pension, any participant may, under the conditions set forth in (b) below, by written notice duly filed with the company,

(1) Elect, effective as of the date of commencement of his pension, to convert the net regular pension otherwise payable to him under this agreement upon retirement into a reduced net regular pension in accordance with Option 1, or Option 2 described below. . .

(b) If any participant shall have elected an option under this paragraph 3.16 and shall die prior to the effective date of the option, such election shall cease to be of any effect, and the co-pensioner shall not be entitled to any payments by reason of the election of such option.

To summarize the effect of these clauses together with the facts of this case:

(1) The participant must survive past the effective date of the option for the option to be valid.

(2) The effective date of the option is the date on which the participant's pension commences.

(3) The pension commences on the date the participant retires.

(4) John Bechtel specified August 1, 1981, as the date of his retirement.

(5) John Bechtel died on July 29, 1981.

Plaintiff's counsel has made a valiant effort to

bring his client within the terms of the option. He argues that since 10 days notice is required to change an election, and John Bechtel selected a retirement date only 7 days from the date of his election, he was locked into the option, ergo so were defendants.

The Restatement 2d of Contracts, §224, eliminated the terms "condition precedent" and "condition subsequent". Now what is defined as a condition is an event, not certain to occur but which must occur unless its non-occurrence is excused, before performance under a contract becomes due. Under the Restatement 2d, a contract is formed, but a condition qualifies a duty of performance under the contract. See Comment (a) to §224. When John Bechtel elected option 1 on July 24, 1981, a contract was formed between himself and defendants. The fact that John could or could not change the terms of the contract had no bearing on that formation. John's survival until his retirement date was an express condition to defendants' duty to pay plaintiff benefits under option 1. When John died on July 29, 1981, it became impossible for the condition to occur and defendants' duty to pay under the option was excused.

For these reasons we sustain defendants' second preliminary objection and dismiss plaintiff's complaint. In light of the above, there is no reason to consider defendants' third preliminary objection.

Accordingly, we enter the following

## ORDER

And now, this August 2, 1984, defendants' second preliminary objection is sustained and plaintiff's complaint is dismissed with prejudice.