Montague, Appellant, *v.* Farmers National Bank of Watsontown, Pa.

Argued October 5, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Charles Wolfe Kalp,* with him *Sidney Apfelbaum* and *John F. Zeller, III,* for appellant.

*Calvin J. Friedberg,* with him *Samuel Gubin* and *M. Luther Harter, Jr.,* for appellee.

OPINION BY WOODSIDE, J., March 26, 1956:

This is an appeal from an order of the Court of Common Pleas of Northumberland County sustaining defendants' preliminary objections in the nature of a demurrer to a complaint in assumpsit brought by the plaintiff against The Farmers National Bank of Watsontown, Pa., in its individual capacity and as trustee for bondholders under the mortgage of the Montgomery-Clinton School Association.

By filing the preliminary objections the defendants admit for the purpose of the matter now before us every well-pleaded, material, relevant fact contained in the complaint and every inference fairly deducible from the facts pleaded. *Byers v. Ward,* 368 Pa. 416, 84 A. 2d 307 (1951).

The facts set forth in the complaint are substantially as follows:

On February 14, 1929 the Montgomery-Clinton School Association, a Pennsylvania corporation adopted a resolution providing, inter alia, as follows:

"RESOLVED, that, for the purpose of supporting education in Montgomery Borough and Clinton Township, County of Lycoming and State of Pennsylvania by providing a school building for the use of the School Districts of said Borough and Township (without profit to said corporation) . . . the mortgage indebtedness of said association shall be increased from nothing to two hundred thousand ($200,000.00) dollars for which coupon bonds of the Association, in denominations of $1,000.00, $500.00, $100.00 and $50.00 aggregating in all two hundred thousand ($200,000.00) dollars shall be issued as follows: 135 bonds of $1000.00 denomination numbered consecutively from M-1 to M-135 inclusive. 90 bonds of $500.00 denomination . . . 165 bonds of $100.00 denomination . . . 70 bonds of $50.00 denomination . . . said bonds to be dated the first day of January 1929, and payable in lawful money of the United States, on the first day of January 1969 with interest also payable in lawful money at the rate of five and one-half per centum per annum, semi-annually on the first days of January and July of each year . . ."

In compliance with the above resolution there was duly executed and recorded a mortgage of the Association for $200,000 dated April 10, 1929 to secure the above mentioned bonds.

These bonds, the form of which was set forth in the mortgage, contained inter alia the following:

"This bond is one of an issue of coupon bonds of the Association known as its First Mortgage 5½% Sinking Fund Gold Bonds, of an aggregate face value of Two Hundred Thousand Dollars ($200,000.00), all issued under and equally secured by an Indenture of Mortgage dated the First Day of January, 1929, executed by the Association to the Farmers National Bank of Watsontown, Pennsylvania, as Trustee . . ."

"This bond shall not become obligatory until it shall have been authenticated by a certificate endorsed thereon and duly signed by the Trustee of the Mortgage."

The Farmers National Bank of Watsontown, Pa., pursuant to its corporate authority by its proper corporate officers caused to be placed upon the face of said bonds an authentication reading as follows: "Trustee Certificate—This is one of the bonds described in the within mentioned mortgage—Farmers National Bank, Watsontown, Pennsylvania. By: [s] E. D. Deitrick, Trust Officer."

After the mortgage was executed and recorded and the bonds duly executed by the proper authorities of the Montgomery-Clinton School Association and the certificate duly signed by the authorized agent of the Trustee, the Association determined to sell of the bonds described in the mortgage, only those of $1000 denomination which bore numbers from M-1 to M-115, inclusive, and authorized its Secretary-Treasurer to sell and negotiate on behalf of the Association the 115 bonds. The Secretary-Treasurer, however, in violation of his authority sold and negotiated the One Thousand Dollar Bonds numbered M-116 to M-135, inclusive. Among the latter bonds so sold was M-127 of which the plaintiff became holder in due course. It is upon this bond that this suit is brought.

The coupons on said bond payable January 1 and July 1 of each year, in the amount of $27.50 were paid until July 1, 1944 when payment was refused by the defendants on the ground that the bond from which the coupon was cut was spurious and not a genuine and subsisting obligation of the Montgomery-Clinton School Association. Subsequent thereto each coupon as it became due was presented for payment, which was refused.

It is further averred that the predecessor in title of the bond when he purchased said bond relied on defendants' certificate of authorization as a warrant that the bond was genuine and in proper form and that it did not constitute an over issue.

Plaintiff claims that the facts set forth in the complaint and reviewed above constitute a breach of warranties contained in defendants' certificate of authorization and therefore claims of defendants, or either of them, the sum of $1000 with interest.

The defendant filed preliminary objections contending that the complaint did not set forth a legal cause of action because:

"(a) The sole basis of the liability sought to be imposed on the defendant is its certificate of authentication appearing on the bond in suit, which the plaintiff contends constituted a warranty of which a breach was committed by the defendant. Since the complaint discloses that the facts warranted by the certificate of authentication were true, a breach of warranty is excluded.

"(b) It is disclosed in the complaint that any defect in the bond in suit was occasioned by the wrongful conduct of (the Secretary-Treasurer) (paragraph 12). The defendant cannot be held legally responsible therefor since neither such wrongful conduct nor any defect in the bond resulting therefrom was encompassed by or within the scope of the defendant's warranty.

. . .

"(e) Since the complaint does not aver that the bond in suit is invalid and unenforceable, the complaint fails to afford any basis for a determination that the plaintiff sustained any legal damage by reason of the defendant's alleged breach of warranty."

In sustaining the demurrer the lower court stated inter alia as follows:

"The plaintiff's claim is based upon the proposition that there was a breach of warranty contained in the certificate of authentication. It is not a suit on the bond itself. Since the bond is genuine and in proper form and is within the amount specified in the mortgage, and since there is no allegation that the certification was not within the scope of the authorization received by the trustee, there is no breach of warranty alleged in the complaint and, therefore, the defendants' first and second reasons in support of their demurrer are valid and are sufficient to sustain a demurrer to the complaint.

"Inasmuch as the Court has sustained the demurrer on the first two reasons assigned by the defendants in support thereof, it is unnecessary to discuss the third reason assigned by them, 1 (e), which is to the effect that since the complaint does not aver that the bond in suit is invalid and unenforceable, the complaint fails to afford any basis for a determination that the plaintiff sustained any legal damage by reason of the defendants' alleged breach of warranty. Suffice it to say that there is no allegation that the plaintiff had ever attempted to enforce his rights under the bond against the Association."

Presumably it has never been legally determined whether or not the Association is liable under the bond. It certainly is not clear from the facts alleged in the complaint that the Association is not liable. If appellant can collect from the Association he cannot collect from the bank.

We think that in this case the courts cannot be called upon to determine the liability of the certifying trustee until it is determined that the appellant cannot collect from the obligor. Otherwise the opinion of the court becomes a mere advisory opinion, for in effect there can be no issue as to the liability of the bank un-

til after it is determined that the owner is unable to collect from the Association.

In sustaining the defendant's demurrer the lower court said: "The objections which we have sustained refer to a complete lack of cause of action and not to the manner of the pleading. The Court cannot conceive in what respects the present complaint may be amended to make it sufficient in law without alleging facts inconsistent with those contained in the present complaint."

Since we are sustaining the defendant's demurrer upon objection "e" and not passing upon objections "a" and "b" above, it might be possible to amend the complaint to state a cause of action. We shall therefore return the case to the lower court with leave to the plaintiff to amend his complaint.

Judgment for defendant is reversed; the demurrer is sustained, but the plaintiff is granted leave to amend his complaint within thirty days from the date when this case is returned to the lower court.

---

DISSENTING OPINION BY WRIGHT, J.:

Bond M-127 (Exhibit B) contains, inter alia, the following provisions: "This bond is one of an issue of coupons bonds of the Association . . . all issued under and equally secured by an Indenture of Mortgage . . . to all the provisions of which said Mortgage this bond is subject"; "This bond shall not become obligatory until it shall have been authenticated by a certificate endorsed thereon and duly signed by the Trustee of the Mortgage"; "Trustees Certificate. This is one of the bonds described in the within mentioned mortgage. Farmers National Bank, Watsontown, Penna. E. D. Deitrick, Trust Officer".

The mortgage in question (Exhibit A) sets forth that there "shall be issued", inter alia, 135 bonds of $1,000.00 denomination numbered consecutively from M-1 to M-135 inclusive; that the mortgage has been executed "for the purpose of equably and ratably securing payment of the principal and interest on all of said bonds"; and that "Right of Action under this mortgage is vested in the Trustee".

The complaint avers that, in due course and without notice of any defect, plaintiff's predecessor in title became the holder of bond M-127, and for many years collected interest thereon; that the Association eventually gave notice (Exhibit C) that said bond "is not recognized by it as a legal and binding obligation and will not be paid"; and that the Trustee thereafter refused to honor the interest coupons. In my view it was proper under the circumstances for plaintiff to bring suit against the Trustee[1] upon the theory of breach of warranty in the certificate of authentication.

While the Uniform Commercial Code did not become effective until July 1, 1954, counsel for appellee concedes that section 8-208 thereof[2] is a codification of the prior law in Pennsylvania. Under its provisions an authenticating trustee warrants "that (a) the security is genuine and in proper form; and (b) his own participation in the issue of the security is within his capacity and within the scope of the authorization received by him from the issuer; and (c) the security is within the amount specified in such authorization".

---

[1] The docket entries disclose that the time within which the Trustee may attempt to join the Association as an additional defendant has been extended "to the expiration of sixty (60) days after date of order of court disposing of preliminary objections to plaintiffs complaint in the event such order should dismiss said preliminary objections".

[2] Act of April 6, 1953, P. L. 3, section 8-208, 12 A. PS §8-208.

Simply stated, an authenticating trustee warrants that the security upon which its certificate appears has become obligatory.

I do not agree that plaintiff should be first compelled to institute an individual action against the Association. Under the provisions of the mortgage, to which the bond is subject, it is doubtful whether he can do so. My position is that the trustee in the case at bar should be required to protect plaintiff from the belated assertion of the Association that bond M-127 is not its legal and binding obligation. I would therefore hold that the preliminary objections should be overruled with right to plead over. See Pa. R. C. P. No. 1028(d).

GUNTHER, J. joins in this dissent.