## Commonwealth v. Clearview Land Development Co., Inc.

*Douglas R. Blazey*, Special Assistant Attorney General, for Commonwealth.

*Alvin S. Ackerman*, for defendant.

REED, JR., J., October 19, 1972.—Defendant, Clearview Land Development Co., Inc., has filed preliminary objections to plaintiff, Commonwealth of Pennsylvania's amended complaint in equity, which seeks to enjoin further operation of defendant's garbage and refuse disposal operation covering approximately 40 acres of land in the area between Cobbs and Darby Creeks in Darby Township, Delaware County, Pa. Defendant has been in operation for the past 13 years.

Plaintiff's complaint alleges illegal action by defendant in five separate counts, which constitute grounds for injunctive relief against defendant:

Count I. Violation of the Air Pollution Control Act of January 24, 1966, P. L. (1965) 1520, sec. 1, 35 PS §4008, as amended, by allowing deposits of refuse to cause fires, smoke and noxious odors.

Count II. Violation of The Clean Streams Law of June 22, 1937, P. L. 1987, sec. 1401, 35 PS §691.401, as amended, by discharge of pollutants into waters of the Commonwealth.

Count III. Violation of the State Department of Health rules and regulations by operating without department approval; and allowing deposits of garbage and refuse to remain exposed on the ground.

Count IV. Violation of Darby Township Dumping Ordinance of 1966, No. 373, by failing to operate in the manner established by that ordinance, and operating contrary to the ordinance.

Count V. Failure of defendant to comply with the Pennsylvania Solid Waste Management Act of July 31, 1968, P. L. 788 (No. 241), sec. 1, et seq., 35 PS §6001, et seq., by continuing to operate without a permit or license from the State Department of Health.

Defendant's preliminary objections attack plaintiff's complaint on three grounds. First, that it should

be dismissed for laches; second, that it should be dismissed for existence of a statutory remedy; and, third, if not dismissed, it should be amended to be more specific.

On the first of these three grounds, defendant's preliminary objections make allegations of fact of continued operation over 13 years immediately preceding, under a permit from the Township of Darby, both with plaintiff's knowledge, and evident failure to bring suit earlier.

On the second ground, defendant alleges plaintiff has failed to exhaust its statutory remedy, since defendant applied for a permit under the Solid Waste Management Act, supra; plaintiff requested plans and diagrams as provided by statute and then denied the application without hearing after waiting nearly five months. Defendant then requested a hearing, which has never been held, at which time it anticipates establishing its right to a permit. Defendant then concludes, if plaintiff is allowed to proceed for injunctive relief, these appeal provisions of the act will be negated.

Defendant's third ground cites numerous points at which it believes plaintiff should plead more specifically.

Preliminary objections to a complaint admit every well-pleaded, material and relevant fact of the complaint and every inference fairly deducible therefrom: Montague v. Farmers National Bank of Watsontown, 180 Pa. Superior Ct. 610, 121 A. 2d 597 (1956).

On the other hand, preliminary objections themselves may contain averments of fact not then appearing of record: Pennsylvania Rule of Civil Procedure 1017; 2 Anderson Pa. Civ. Prac. §1017.6. Where preliminary objections do contain such averments with an endorsement to answer, and no answer is filed, as here, those averments of facts are likewise taken as admit-

ted and true: Goodrich-Amram §1028(c)-2; Fitelson v. Acuff, 14 D. & C. 2d 486 (1958); 48 Luzerne 96.

At this preliminary stage, we accept as true from plaintiff's complaint that defendant is operating in violation of those laws upon which plaintiff bases its suit. By the same token, plaintiff not having answered defendant's preliminary objections, we accept the averments therein as true, and our attention then focuses at a determination of the correctness or incorrectness of defendant's legal conclusions from the allegations of the respective pleadings. The issues are: (1) Does plaintiff's failure to act earlier constitute laches, now barring plaintiff; and (2) does plaintiff have a statutory remedy which must be exhausted? We conclude plaintiff is not barred by laches, nor is there a statutory remedy plaintiff must first exhaust.

I. *Plaintiff is not barred by laches.*

The defense of laches may be raised by preliminary objections (Pennsylvania Rule of Civil Procedure 1509(b)), and even where it is not so raised, but clearly appears on the face of a complaint, the court sua sponte may raise the issue and dismiss the complaint: Grange National Bank of McKean County v. First National Bank of Bradford et al., 330 Pa. 1, 198 Atl. 321 (1938); Stahl v. First Pennsylvania Banking and Trust Company, 411 Pa. 121, 191 A.2d 386 (1963).

"Laches arises when a defendant's position or rights are so prejudiced by length of time and inexcusable delay, plus attendant facts and (or . . .) circumstances, that it would be an injustice to permit presently the assertion of a claim against him": Grote Trust, 390 Pa. 261, 269, 270, 135 A.2d 383, 387 (1957).

"Estoppel [by laches] does not depend on time alone but on action and failure to act after knowledge. '. . . [L]aches is not like limitation, a mere matter of time;

but principally a question of the inequity of permitting the claim to be enforced—an inequity founded upon some change in the condition or relations of the property or the parties': Galliher v. Cadwell, 145 U.S. 368, 373": Commonwealth ex rel. Margiotti v. Union Traction Co., 327 Pa. 497, 194 Atl. 2d 661 (1937).

Defendant complains that plaintiff knew of defendant's operation for 13 years past, of objections to it, and of violations in it, and then concludes plaintiff should have brought action before and is now estopped to bring suit. Yet, defendant alleges no change in the position or relationship of the property or parties, nor of any prejudice to defendant. On the contrary, conditions not having changed substantially, defendant continued operating, not to his prejudice, but to his advantage. Furthermore, where there exists an alleged violation of law, or continuing nuisance, the violator—creator of the nuisance does not by the passage of time or failure of the State to exercise its police power thereby acquire a right to continue and estop the State from enforcing the law at any time the illegal action continues. At any rate, all defendant has alleged is mere passage of time, which does not permit the invocation of the doctrine of laches.

Moreover, while laches may be imputed to the Commonwealth, before the Commonwealth can be estopped by it a stronger case of delay or acquiescence is necessary than when only private rights are involved: Commonwealth ex rel. Attorney General v. Bala & Bryn Mawr Turnpike Co., 153 Pa. 47, 25 Atl. 1105 (1893); Bradford v. New York & Pa. Telephone & Telegraph Co., 206 Pa. 582, 56 Atl. 41 (1903); York County Inst. Dist. v. Jones, 59 York 201 (1946).

II. *Plaintiff has not failed to exhaust a statutory remedy.*

Defendant avers that it applied for a permit to op-

erate under the Solid Waste Management Act, supra. On October 2, 1970, its application was denied, and defendant appealed for a hearing under that act, 35 PS §6007(g)); a hearing was scheduled, but continued. Defendant argues plaintiff is required to hold that hearing before equity jurisdiction attaches. In other words, defendant contends this is a statutory remedy which plaintiff must exhaust before going to equity. The logic of this argument escapes us.

In the first place, plaintiff has alleged defendant is and has been operating in violation of the Solid Waste Management Act, supra, at section 9, 35 PS §6009.

"It shall be unlawful for any person, municipality, county or authority to:

"(1) Dump or deposit, or permit the dumping or depositing of any solid wastes onto the surface of the ground or into the waters of the Commonwealth without having obtained a permit as required by section 7: . . .

"(2) Construct, alter or operate a solid waste processing or disposal facility or area of a solid waste management system without a permit or other approval from the department or in violation of the rules, regulations, standards, or orders of the department.

"(3) Burn solid wastes except in a manner approved by the Air Pollution Commission or the department."

The act provides for application procedures, hearing and administrative appeal and review procedures, all of which accords an applicant a means whereby he can either obtain a permit, or have a final judicial determination on a denial of one. It ought to be clear from the act that the State cannot exhaust a statutory remedy it never had. It is defendant's burden to obtain a permit. It is defendant who has not exercised his statutory rights and remedies.

The public policy of this Commonwealth under the act, supra, is to prevent and stop all dumping of solid wastes without State control and regulation over it, via a permit. Hence, a mere application for a permit does not allow any privilege or right to dump meanwhile.

In the second place, the act vests in plaintiff the right to stop violations:

"Section 13. . . . In addition to any other remedies provided in this act, *the secretary may institute a suit in equity* in the name of the Commonwealth in the court of common pleas of the county where the violation or nuisance exists *for an injunction to restrain a violation of this act* or the rules, regulations or standards adopted thereunder and *to restrain the maintenance of a public nuisance*": 35 PS §6013. (Italics supplied.)

Plaintiff, therefore, has the right to equitable relief for defendant's alleged violations, even regardless of whether or not defendant had a permit, for a permit vests no right to operate contrary to the act, and the State has a continuing power to prevent dumping contrary to the act or a permit issued thereunder. Cf. section 7(e) of the act, 35 PS §6007(e).

IV. *Defendant has no right to more specific pleadings.*

Defendant's motion for more specific pleading under Pa. R. C. P. 1017(b)(3) must be denied. Plaintiff has alleged sufficient material facts in a concise and summary form to present a clear answerable cause of action respecting a public nuisance.

The class of nuisances alleged are of a continuing nature, and, therefore, defendant's cited authorities for its request (Strausner v. Myers, 66 D. & C. 634 (1949), and Hi-Grade Service Station, Inc. v. Ben & Frank, Inc., 35 D. & C. 2d 165 (1964)) are not applicable.

"Ultimate facts, rather than evidence to be adduced in support of them, should be pleaded . . .": 29 P. L. Encyc., Pleading, 353 §35. Plaintiff is under no burden to allege all the separate and individual violations in detail which together comprise the continuing nuisance alleged.

A more specific complaint will not be required where the details requested would be evidentiary and would make the complaint prolix; or when the facts are equally within the knowledge of the defendant: Goodrich-Amram, §1017(b)-9.

Defendant is well aware of all the details of operating his business, and, for that matter, has taken the depositions of six of plaintiff's witnesses. With the information he has readily at hand he can make answer to plaintiff's allegations, which are initially sufficient to inform him of the basis of plaintiff's suit anyway.

Defendant, furthermore, has further discovery available to him if he desires: Goodrich-Amram, §1017(b)-9.

### ORDER

And now, October 19, 1972, defendant's preliminary objections to plaintiff's complaint are denied.

Defendant is given 20 days from the date hereof to answer plaintiff's amended complaint.